## PANAMA CITY v. FEDERAL RESERVE BANK OF ATLANTA.
### No. 8752.

Circuit Court of Appeals, Fifth Circuit.
June 17, 1938.

500

J. M. Sapp, of Panama City, Fla., for appellant.

John H. Carter, of Marianna, Fla., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The former appeal of this cause [1] established as the law of the case that the note sued on should have been admitted in evidence as a valid obligation of the City. This appeal from a judgment on the note seeks to raise again the question of its validity, and, in addition, challenges the judgment as erroneous: (a) for want of proof of appellee's ownership of the note; and (b) because appellant's plea of offset was rejected.

We think the first point is foreclosed by the former opinion, that the additional points are not well taken, and that the judgment should stand. The point that there was a failure to prove appellee's ownership of the note is an afterthought, presented first in the briefs, with nothing in the record of the trial, or in the assignments of error, to support it. Nowhere in the record is there any suggestion that plaintiff, appellee, was not the owner of the note. The defense was based entirely upon the theory that the note was merely evidence of moneys had and received by the City, and that the City was entitled to offset it with the deposit indebtedness to it of the First National Bank, when it failed. The ownership, having stood admitted below, may not be challenged here.

Appellant's substantial point is that of offset. In support of it appellant cites, as the general principle, that except in cases of negotiability, an assigned indebtedness is subject, in the hands of the assignee, not only to all defenses, but to all offsets to which it would be subject in the hands of the original payee. Appellee insists that in Florida the rule is otherwise. It cites, in support, Coffin v. Talbot, 110 Fla. 131, 148 So. 184; Young v. Victory, 112 Fla. 66, 150 So. 624.

 We think these cases hold as appellee contends, and that we are bound to follow them. Erie Railroad Company v. Tompkins, 58 S.Ct. 817, 82 L.Ed. ——; Ruhlin v. New York Life Insurance Co., 58 S.Ct. 860, 82 L.Ed. ——.

The judgment is affirmed.