STATE *ex rel*. PERSONAL FINANCE COMPANY v. MILES W. LEWIS, Judge of the Circuit Court, Fourth Judicial Circuit, and ALICE M. BUNTING.

191 So. 295
Opinion Filed September 26, 1939

*Albion W. Knight* and *L. K. Walrath,* for Relator;

*Evan T. Evans,* for Respondents.

PER CURIAM.—Alice M. Bunting, joined by her husband, Carlos A. Bunting, instituted a common-law action against Personal Finance Company in June, 1930. In July, 1931, the cause stood on the docket in the shape of a demurrer to plaintiff's amended declaration. No further steps were taken until September 3, 1934, at which time plaintiff's counsel filed a praecipe for dismissal which appears not to have been entered or docketed. On July 23, 1935, a deputy in the clerk's office entered an order of dismissal *nunc pro tunc* as of September 3, 1934.

On July 25, 1935, Alice M. Bunting moved to withdraw the praecipe for dismissal and to reopen the cause on the ground that it was filed without her authority and against her wishes. In March, 1936, the circuit judge entered an order striking the praecipe and declaring the *nunc pro tunc* order of dismissal null and void. Rehearing was denied in May, 1938. The pleadings were noted for argument and relator filed his suggestion for prohibition in this Court. A rule *nisi* was issued and the cause now stands for disposition on the motion to quash. Relator contends that the motion to quash should be denied because the cause was to all intents and purposes dismissed when counsel for respondent on September 3, 1934, filed a praecipe for dismissal and that two terms of the court having intervened, the circuit judge was without power to reinstate it.

. We do not think there is any merit in this contention. It is quite true that in matters of procedure or praecipe which affect solely the conduct of a cause, an attorney may bind his client but this is not the rule as affecting the merits. The question of dismissal is one that goes to the merits and cannot be effectively done without the consent of the client.

In the case at bar, relator asserts that the praecipe and the *nunc pro tunc* order for dismissal were entered without her knowledge or consent. They were accordingly without effect and were properly stricken. The mere fact of filing a praecipe for dismissal does not accomplish that purpose until the order of dismissal is properly entered.

The motion to quash is therefore granted.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.