Suit by Al G. Kramer and others against City of Lakeland, Florida, a municipal corporation, and another to enjoin construction of a building in public park. From a decree adjudging that city could abrogate use of the property as a park and devote it to other public use and could convey it to Federal government for federal building purposes, or other public purposes, plaintiffs appeal.
Decree reversed with directions.
On February 26, 1884, Abraham G. Munn was the fee simple owner of the W 1/2 of SW 1/4 of Section 18, Tp. 28 South, Range 24 East situated in Polk County, Florida. He surveyed the property and caused it to be subdivided into blocks and lots and designated streets and avenues, and assigned to each an appropriate name. He prepared a map thereof and caused the same to be recorded among the public records of Polk County, Florida. The City of Lakeland, in part, is now located on the above described land.
The map placed of record identifies Block 14 as a public square and continuously since has been known as Munn's Park. It is bounded on the north by Cedar Street; on the south by Main Street; on the east by Kentucky Avenue, and on the west by Tennessee Avenue. Block 14, supra, at the present time is being used by the public as a park and has been continuously so used since 1884. It is admitted that Block 14 was by the owner in 1884 dedicated to the public to be used by it for park purposes.
The record reflects the following:
"DeLand, Florida, March 7th, 1898. At a call meeting of the Lakeland Improvement Company of Polk County, Florida, held this day at DeLand, Florida. Present, A.G. Munn in the chair appointed Morris G. Munn, secretary pro tem.
"The president stated that while in Lakeland on Sunday, March 5th, he was informed that some doubt was expressed by several citizens of Lakeland about the title to the Public Square, or Block 14 in *Page 127 
that City, whereupon the president stated that in filing the map of the town survey of his son, Samuel M. Munn, surveyor of same, in the office of the clerk of the Circuit Court of Polk County at Bartow, the land bounded on the south by Main Street, on the east by Kentucky Avenue, on the north by Cedar Street and on the west by Tennessee Avenue, was on that plat designated as Public or Town Square in the town of Lakeland, Polk County, Florida, and came under the supervision and care of the mayor and town council in the same manner as the streets and alleys of said town filed as such on the same map at the same time the Lakeland Improvement Company, after clearing, plowing, fencing and setting in Bermuda grass, and planting water oaks around said public or town square, has never made and does not now make or reserve any claim of ownership to any part or portion of said square; but states officially that its interest in said plat of land is the same as every other lot in the town, now City of Lakeland.
"It admits, however, that two small squares or lots were drawn by the surveyor to intimate that should at any future time the citizens or their lawfully constituted mayor and council should deem it for the interest of the city to use any portion of said square for the erection of public buildings for the use of either state, county municipality as well as for a public park; it would be as agreeable to the Lakeland Improvement Company as to the citizens generally in said city.
"Thereupon on motion of W.B. Munn, a stockholder in said corporation, seconded by Morris G. Munn, also a stockholder in said corporation, who, with A.G. Munn, hold a large majority of its stock, it was resolved that the Lakeland Improvement Company endorse in every word and particular the statement now made by President A.G. Munn and that the plat of the public or town square in the town of Lakeland as filed in the office of the clerk of the Circuit Court of Polk County, Florida, belongs to all the lot owners individually and collectively for the purpose set forth in his statement and for no other. This statement and resolution to be entered of record in the office of the Clerk of the Circuit Court of Polk County, Florida."
On September 11, 1924, the City Commission or Council, through its authorized officials, enacted or attempted the enactment of an ordinance by the terms and provisions of which it was sought to sell, abandon or otherwise dispose of Munn's Park so that the same should pass into the ownership and control of private parties. Pursuant thereto a deed was executed and delivered by the Lakeland Improvement Company to the Central Bank Trust Company which purported to sell or dispose of Munn's Park, to the alleged injury and damage of the citizens and residents of the City of Lakeland and to the general public.
Certain named citizens of Lakeland in 1924 filed suit in the Circuit Court of Polk County, Florida, against the City of Lakeland, Lakeland Improvement Company and the Central Bank 
Trust Company praying for an order decreeing as void ab initio the ordinance authorizing an abandonment of Munn's Park and the sale thereof to the Central Bank Trust Company, and that the defendants be permanently enjoined from diverting the use and enjoyment of Munn Park by the public for any purposes other than for which it was originally dedicated by Abraham G. Munn and his company, the Lakeland Improvement Company, in 1884 and rededicated in 1898. These defendants were enjoined from so doing and an appeal was not taken from the order or decree.
The Court's opinion, in part, is viz.:
"It was admitted at said hearing that said park or public square has been used by the public, also improved, beautified with a monument, fountains, walks and shrubbery, continuously since 1884 — also since 1898 when the dedication was reaffirmed by resolution stated above and recorded.
"The bill for injunction avers, and attached exhibits to same show, that the city commissioners of Lakeland have passed an ordinance having for its purpose to effect a surrender or abandonment of said parcel of land as a public park or *Page 128 
square, and that the grantor of said public park or square has executed a deed of trust to the Central Bank and Trust Company of Lakeland authorizing the sale of same to private owners.
"Upon consideration of the issues raised by the demurrer to said bill it appearing to the Court that the petitioners for injunction are proper parties complainant in this cause and under the facts stated in the bill that the original owner, Abraham G. Munn, and his successors, the Lakeland Improvement Company, are precluded from revoking this dedication, it being shown that the said public square or park was set apart as such for public use and enjoyed as such and that rights have been acquired with reference to it, such as lots conveyed according to the plat which shows a square dedicated to public use and accepted by the public for a period of about forty years by user; it further appears from the bill that such dedication was originally made and recorded by an individual not only to the public, but also to individual lot owners for a specific use as a public square park and duly accepted; it further appears that a statute such as Section 1851, Revised General Statutes of Florida, F.S.A. § 167.09, authority relied upon by defendants in argument before the court, has no power to divert the property in question to any purpose inconsistent to the particular use to which it was dedicated and such dedication is irrevocable; that specific contractual rights accrued immediately upon the lots being sold according to said plat; that the City of Lakeland having no fee title would hold this property thus dedicated, not in a proprietary but in its sovereign capacity in trust only for the use to which it was dedicated."
On April 26, 1943, Morris G. Munn and W. Orme Robb, as surviving directors and statutory Trustees of Lakeland Improvement Company, a Florida corporation which had been dissolved, executed a conveyance of Munn's Park to the City of Lakeland. Pertinent recitals in the deed are viz.:
"Whereas the fee simple title of all the remainder of said Block 14 has remained vested in the Lakeland Improvement Company subject only to the dedication aforesaid; and
"Whereas, the charter granted by the State of Florida to the Lakeland Improvement Company was, by its terms, limited to a period of fifty years, and has now expired; and
"Whereas, it is deemed and considered by the Lakeland Improvement Company that the said Block 14 would be a desirable location for a Federal Building to house the post office and other Federal agencies, and that the dedication aforesaid does not in express terms provide for a building for Federal purposes, but only for State, County or municipal purposes; and
"Whereas, it was the intention, desire and purpose of the Lakeland Improvement Company, in making such dedication, that the said realty should be available for the broadest and most complete public use; and
"Whereas, the parties of the first part constitute the only surviving members of the Board of Directors of the Lakeland Improvement Company, and by virtue of their office aforesaid, are statutory trustees of the said dissolved corporation,
"And whereas the parties of the first part desire to set at rest all questions as to the ownership of said realty and desire so to vest the title thereof that it may be made available as the site and location of a Federal building for the housing of a post office and other Federal agencies; * * *"
Members of the Junior Chamber of Commerce applied to the City Commission for a permit to erect or construct a building to be used as an information bureau for the benefit of the general public as well as tourists making inquiry concerning matters of interest to the City of Lakeland and to locate the same in Munn's Park, which building would be a temporary matter, and so constructed that it could be moved whenever it became necessary. The City Commission of Lakeland ordered issued on March 4, 1947, the permit as applied for by the Junior Chamber of Commerce of the City of Lakeland. *Page 129 
Shortly after the issuance of the permit supra, Al G. Kramer, J. Don Sanders and J.W. Franklin, resident citizens and taxpayers of the City of Lakeland, filed in the Circuit Court of Polk County, their bill of complaint against the City of Lakeland and the Junior Chamber of Commerce in which it was prayed that the Junior Chamber of Commerce be both temporarily and permanently enjoined from the construction of the temporary building located in Munn's Park and that the City of Lakeland and its officials be both temporarily and permanently enjoined from permitting or allowing the construction of said building. The theory of the bill of complaint was that the proposed building was not such a construction as contemplated or intended by the original dedication of Munn's Park, as the use of the building after construction was not a public park purpose.
The City of Lakeland and the Junior Chamber of Commerce filed a joint answer to the bill of complaint and in paragraph VIII thereof alleged the facts to be viz.: "that the City of Lakeland does own the fee simple title to the said property known as Block 14 of Munn's Survey of the City of Lakeland, Florida, as is more fully shown by certified photostatic copy of deed from the surviving directors and statutory trustees of the Lakeland Improvement Company bearing date April 26, 1943 and recorded in Deed Book 804 at page 21 of the public records of Polk County, Florida, in the office of the Clerk of the Circuit Court, a copy of which is hereto attached, made a part hereof and to which reference is prayed".
On March 11, 1948, counsel for the parties filed in the record a stipulation or agreement viz.:
"We, the undersigned attorneys of record for all of the parties litigant in this cause do hereby stipulate and agree as follows:
"1. That the City of Lakeland, Florida, a municipal corporation under and by virtue of the conveyance to it from the surviving directors and statutory trustees of the Lakeland Improvement Company, said conveyance being dated April 26, 1943, recorded in Deed Book 804 at page 21 of the Public Records of Polk County, Florida, is the owner of the fee title to Block 14 of Munn's Survey of the City of Lakeland, Florida also known as Munn Park, and that the said City of Lakeland, Florida, as trustee, holds the use benefits in connection with the said property and that the City of Lakeland may, under the statutes of the State of Florida and the decisions of the Supreme Court of Florida, determine what public use is to be made of the said realty to the extent, if necessary, of abrogating the use of the said property as a park in order to devote it to other public uses.
"2. It is also agreed that the conveyance of Munn Park to the Government of the United States of America for the erection of a Federal building would be a public purpose of constructive and beneficial attainments for the entire community and surrounding territory. It is the opinion and judgment of the undersigned that such use would be the most beneficial one to which the property could be put.
"We are agreed to the end that the property may be owned by the Government of the United States of America and devoted to use as a site for a Federal Building that this Honorable Court adjudicate and finally dispose of the issues in this cause and therefore we, as attorneys for the respective parties litigant, submit this cause to the Court for a determination by it upon the pleadings and this stipulation, and we do hereby waive the right of appeal from the final decree of this Court. Respectfully submitted this 11th day of March, A.D. 1948."
The record discloses that a reference by the Chancellor was not made with directions to take testimony of the parties on the issues made by the pleadings and report the same for the entry of a final decree on the merits, neither did the Chancellor hear testimony in the cause, but on March 18, 1948, entered a final decree on the pleadings and the above stipulation filed in the record. The final decree is viz.:
"This cause coming on for final hearing upon the pleadings filed and the stipulation *Page 130 
signed by all parties litigant, with all parties litigant being represented by counsel at the hearing, the Court, being fully advised of its judgment in the premises, finds:
"That the City of Lakeland, Florida, a municipal corporation, by virtue of the conveyance to it by the surviving directors as statutory trustees of the Lakeland Improvement Company, as shown by deed recorded in Deed Book 804, page 21, of the public records of Polk County, Florida, is the owner of the fee title to (here description), also known as Munn Park; and that the City of Lakeland, Florida, as trustee, holds the use benefits connected with the said property; and that the said City may, under the statutes of the State of Florida, and the decisions of the courts, determine what public use is to be made of said realty to the extent, if necessary, of abrogating the use of the said property as a park in order to devote it to other public use.
"The Court further finds, and all parties litigant are agreed, that a conveyance of Munn Park by the City of Lakeland, Florida, to the government of the United States of America or the appropriate department, division or agency thereof for the erection of a federal building would be a proper and desirable public purpose, and it is the judgment of this Court that such purpose would be an authorized public and legal use of the property. To this end the City may abrogate by appropriate action the use of the property as a park and devote it to other public use.
"The Court further finds that the building recently built in Munn Park by the defendant Lakeland Junior Chamber of Commerce, a corporation, is owned by and the property of the City of Lakeland, Florida, a municipal corporation, the said City having authority to use or designate the public use to which the same may be put or to tear the same down and remove it from the premises, if it so determines.
"The Court further finds that the City may by appropriate action transfer, grant and convey the park site to the federal government or any of its departments, divisions or agencies for federal building purposes or other public purposes without infringing the rights of any party to this suit or any citizen of the municipality of the City of Lakeland, Florida."
Prior to the entry of the final decree supra and the date of its recordation on March 25, 1948, the Chancellor heard and considered the petition of certain named property owners, taxpayers, and resident citizens of the City of Lakeland purporting to have an interest in Munn's Park, and on April 22, 1947, the Chancellor entered its order granting their request to intervene, and by the terms of the order each petitioner was made a plaintiff to the suit. The new parties subsequently represented to the Court that they were not consulted as to the terms and provisions of the written stipulation of counsel supra; they had no knowledge of its existence until after the final decree was entered and they did not wish to be bound by the stipulation; and they acted immediately after being informed about it. The City Commission of the City of Lakeland by resolution repudiated the stipulation signed by its attorney, employed another and directed that he enter into a second stipulation and filed same in the cause to the effect that the first stipulation signed by its preview attorney dated March 11, 1948, would not be binding on the City of Lakeland with reference to the entire proceeding concerning Munn Park.
On appeal here from the final decree it is contended that the decree should be reversed because (1) the City of Lakeland acquired no greater right or interest in and to Munn Park under the conveyance from the surviving directors and statutory trustees under date of April 23, 1943, than previously owned and possessed by it under the dedication proceeding of Abraham G. Munn dated February 26, 1884, and the rededication dated in 1898; (2) the City of Lakeland is without legal authority to grant or transfer Munn Park to the Federal government or to any person, firm or corporation for any purpose whatsoever; (3) the City of Lakeland is without legal authority to use Munn's Park for any purpose or purposes other than public park purposes as provided for by the original dedication by Abraham *Page 131 
G. Munn. An examination of the record and briefs of counsel disclose the fact that all parties seek a reversal of the decree appealed from except counsel for the Junior Chamber of Commerce of the City of Lakeland.
The late C.O. Andrews, acting Circuit Judge, under date of September 24, 1924, in effect held supra that the City of Lakeland held no fee simple title to Munn's Park and it was without authority to change or divert the use thereof to any purpose inconsistent with the particular purpose to which it was dedicated, as such dedication was irrevocable. This ruling is in line with the weight of authority as expressed by McQuillin's Municipal Corporations, Vol. 32d Ed. 1032-33, par. 1243, viz.: "As to parks, the general rule is that authority must be conferred by statute to enable a municipality to alienate lands held and used for public park purposes. Where lands have been dedicated and used for a public park or square, the municipal corporation holds the title in trust for the public and has no power, unless specially authorized by the legislature, to appropriate such lands for the use and benefit of private persons or corporations, sell the same, or in any way divert the land from the uses and purposes of its original dedication. Legislative power to authorize the discontinuance of public parks and the sale of park lands cannot be questioned where the fee is in the city and when in so doing no private property is taken. If the use of a public park in which the city possessed the absolute fee for a memorial be considered inconsistent with that to which the land was first dedicated, the legislature has the power to authorize the city to devote it to such other and higher purpose as will render its enjoyment by the public more extended and general. Such authority from the state may be shown by the fact that the land was tendered to and accepted by the state and used for such purposes."
We have carefully studied and analyzed the several allegations of the bill of complaint and attached exhibits, as well as the answers of the City of Lakeland and the Junior Chamber of Commerce, and find nothing therein that could sustain the decree appealed from. The stipulation authorizing the final decree as signed by counsel for the City of Lakeland appears by the record to have been disapproved by the City Commission of Lakeland, another attorney employed, and there is no contention here that the first City Attorney had the power to bind the City of Lakeland by the terms of the final decree. The usual terms of employment of counsel to handle, professionally, a litigated cause do not authorize the signing of stipulations now appearing in the record. Swift Co. v. Hocking Valley Ry. Co., 243 U.S. 281, 37 S.Ct. 287, 61 L.Ed. 722; State ex rel. Personal Finance Co. v. Lewis, 140 Fla. 86, 191 So. 295.
Counsel for the Junior Chamber of Commerce cite Section 167.09, F.S.A., to sustain the contention that the City of Lakeland possesses plenary power over its streets, avenues, lanes, highways and parks. The answer to the contention is that the statute does not authorize the City of Lakeland to sell or transfer title to Munn's Park which was dedicated to the general public of the City of Lakeland to be used and enjoyed by its citizens and visitors for what is commonly known and recognized as municipal park purposes. Neither does the cited statute authorize the City of Lakeland to divert the use of Munn's Park for any purpose inconsistent with the particular use to which it was dedicated. The case of City of St. Petersburg v. Atlantic Coast Line R.R. Co., 5 Cir., 132 F.2d 675, as cited has been examined in light of the construction made in the brief and in the oral argument at the bar of this Court.
It is contended by counsel for the Junior Chamber of Commerce that all the parties plaintiff below (a part of whom are appellants here), being represented by the same counsel, are bound by the stipulation dated March 11, 1948, signed by their counsel of record and, having consented thereto, have no standing on this appeal to challenge the decree entered below. The answer to the contention, as shown by the record, is that these appellants had no knowledge of the existence *Page 132 
of the stipulation until after the entry of the final decree; they were not consulted or informed of the contents or the far reaching effect thereof until after the entry of the final decree; after being so informed the appellants repudiated the agreement, employed other counsel and brought the case here. The usual terms of employment of an attorney by a client to represent him in a litigated cause do not authorize the attorney to stipulate for the entry of a final decree, as was done in the case at bar. See State ex rel. Personal Finance Co. v. Lewis,140 Fla. 86, 191 So. 295, and Swift Co. v. Hocking Valley Ry. Co.,243 U.S. 281, 37 S.Ct. 287, 61 L.Ed. 722, supra.
The decree appealed from is hereby reversed with directions for further proceedings in the Court below not inconsistent with the opinion and views herein expressed.
Reversed.
THOMAS, C.J., and TERRELL and SEBRING, JJ., concur.