ALLEN, Chief Judge.
This cause originated in the lower court as two separate complaints at law for damages, filed on August 3, 1959. One suit was by the executrix for the damages to the estate against the appellee-defendant on the ground that defendant negligently collided with a vehicle in which the decedent was a passenger, thereby causing the death of decedent. The other action was by Mattie Mae Johns as the dependent mother of the decedent in which she alleged the negligence of defendant and the resultant death of her deceased son; The defendant answered each of these complaints by admitting on August 31, 1959, certain allegations and denying the others. Both complaints were filed by the same counsel, at approximately the same time, and in very much the same form.
The complaints alleged that on June 8, 1959, the decedent was a passenger in a pickup truck that was travelling in an easterly direction on State Road No. 704 west of West Palm Beach; that an automobile, owned by defendant, driven by Lorene H. Hendry, the wife of the defendant, was operated in such a negligent manner as to collide with the vehicle in which the decedent was a passenger; and that as a result of the collision the decedent suffered fatal injuries. The complaint also alleged that the decedent was a single man, 30 years of age, at the time of his death.
On November 6, 1959, upon a stipulation of counsel, the causes were consolidated for trial. In November 16, 1959, both plaintiffs moved for a summary judgment on the issue of liability. The lower court granted the motion and a pre-trial conference was held on January 8, 1960, to narrow the evidentiary questions in preparation for trial on the issue of damages. Trial by jury resulted in a verdict of $11,100 for the executrix and a verdict of $28,800 for the dependent mother. Final judgment was entered on the verdicts after which the defendant moved for a new trial, *405 to set aside the verdicts, and for a judgment notwithstanding the verdicts.
In granting the motion for new trial the lower court stated:
“The Court finds no cause of action existing in the Plaintiff, Pearl M. Birdsong, as Executrix of the Estate of Hugh B. Johns, Deceased, under Sections 768.01 and 768.02 of the Florida Statutes [F.S.A.]. No evidence was offered at the trial under the survival statute, Section 45.11, Florida Statutes [F.S.A.], and the jury was not instructed on the elements of damages recoverable under that Statute. The Court further finds that the precedent right of action under Section 768.01 and 768.02 of the Florida Statutes [F.S.A.] for wrongful death of the-decedent, Hugh B. Jones, (sic) was vested in Mattie Mae Johns, the dependent Mother of the decedent and that a verdict of $28,800.00, was returned by the jury in favor of Mattie Mae Johns, in Case Number 59 L 766 E, which case was consolidated with this case and tried at the same time and before the same jury. The Court further finds that the precedent right of action under the wrongful death statute vested in the decedent’s Mother, Mattie May Johns to the exclusion of the claim of Pearl M. Birdsong, as Executrix of the estate of Hugh B. Johns, Deceased.
“The Court further finds that the Court does not have jurisdiction of the subject matter of this case, that no cause or right of action exists in the Plaintiff Executrix under Florida Statutes, Section 768.01 and Section 768.-02 [F.S.A.], and that the fundamental rights of the Defendant have been prejudiced.”
It is from this order that the executrix has appealed. The questions relate solely to the right of the executrix to bring this action and whether the point was properly preserved.
The appellant states the following points:
1. “Did the Court below have jurisdiction of the subject matter of this case?”
2. “Did appellee waive his objection to appellant’s capacity to sue by not raising it prior to motion for new trial?”
We think the question involved in this case may be stated as follows:
“Where the defendant did not question the right of the executrix to recover damages until after judgment had been entered against her, did the lower court commit error in granting a new trial to' the defendant in a suit which sought damages for wrongful death under Florida Statutes § 768.01 and § 768.02 [F.S.A.] in the absence of any showing in the complaint of any absence of precedent classes of plaintiffs and where a companion suit was brought under §■ 768.01 and § 768.02 by a dependent mother of a single man ?”
We hold that the lower court should be affirmed.
The wrongful death act, one of the many so-called Lord Campbell acts in this nation, created a right of action to certain classes of persons in the order of their preference. An action for wrongful death did not exist at common law.
Section 768.02, Florida Statutes, F.S.A., provides the first right in a widow or widower, second, child or children, third, person or persons dependent upon the decedent for support; and where neither of the above classes exist, then action is authorized by the executor or administrator of the decedent.
As early as the case of Louisville & N. R. Co. v. Jones, 45 Fla. 407, 34 So. 246, the Supreme Court held that the right of each class depended upon the non-existence of a prior class of plaintiffs.
*406 In the case of Duval v. Hunt, 34 Fla. 85, 15 So. 876, 880, it was said:
“ * * * From the terms of our statute itself, and by the judicial construction placed upon similar statutes, the existence of the right of action in any of these named classes of persons, commencing with the second class above, is wholly dependent upon the fact whether there is any person in esse belonging to any of the classes who are given by the statute the precedent right over him to maintain the action. For example, if there is in existence a legal widow of the deceased, then she alone has the right of action, and no right of action vests in either minor children, dependents, or personal representatives; and, if there is neither husband nor widow, but a minor child, such minor child would alone have the right to recover, and dependents, as such, and personal representatives, would not have any right to recover. The existence or nonexistence of any one having the precedent right of action under the statute enters into the very substance of the right of action itself when instituted by any of the named classes of persons after the first; and when the suit is brought by any of these classes, except the widow or husband, the declaration, in order to show a cause of action, should affirmatively show the nonexistence of any other person having a precedent right of action over the plaintiff under the statute. * * * ”
It should be noted that no appeal was taken by the defendant from a verdict and judgment of $28,800 entered in the companion case for the dependent mother. Since it was affirmatively shown by the evidence in the consolidated case that a right existed under § 768.01 and § 768.02 in the mother as a dependent under this statute, no cause of action could exist in favor of the executrix under this act.
An examination of the two complaints involved in the consolidated trial show that in the complaint of the dependent mother she alleged that she derived her sole support from her son, the deceased, Hugh B. Johns, and that the said Hugh B. Johns was a single man at the time of his death.
The complaint of Pearl M. Birdsong, as executrix of the estate of Hugh B. Johns, alleges that the plaintiff was the duly appointed, qualified and acting executrix of the estate of Hugh B. Johns, deceased; that the deceased was a single man; but nowhere does the complaint allege the absence of the precedent classes entitled to bring suit under the wrongful death act.
The appellant, in her brief, very frankly admits that under the interpretation placed on § 768.01 and § 768.02, the appellant would not. have been entitled to sue if appellee had timely objected to her capacity to sue, in that there was in existence at the time the cause of action arose, a dependent mother. The appellant contends, however, that since the defendant did not raise the lack of capacity by defensive pleadings prior to trial, he thereby waived any question of the capacity of the plaintiff, and that the lower court was in error in holding that it did not have jurisdiction of the subject matter of the case.
We note that the judge below, in his order granting the new trial, said that he found no cause of action existing in the plaintiff as executrix of the estate under sections 768.01 and 768.02 of the Florida Statutes, F.S.A.; and that no evidence was offered at the trial nor was the jury instructed on the elements of damages recoverable under that Statute. While the court stated in its conclusion that the court did not have jurisdiction of the subject matter of the case, the court also stated that no cause or right of action existed in the plaintiff-executrix under the Florida Statutes, § 768.01 and § 768.02, F.S.A., and that the fundamental rights of the defendant had *407 been prejudiced, and concluded with granting a new trial.,
A case very similar to the present case, that of Love v. Hannah, Fla.1954, 72 So.2d 39, 40, was decided by the Florida Supreme Court in which case the lower court was reversed because he failed to grant a new trial to the defendant. The opinion of the Court was written by Mr. Justice Drew in which he stated:
“The primary and controlling question in this appeal is whether an administrator may maintain a suit under the wrongful death statute, Sections 768.01 and 768.02, Florida Statutes 1951, F.S. A., in the absence of an affirmative showing of the non-existence of any other person having a precedent right of action under the statute * * *
The complaint in the above case was in two counts, one for damages under the wrongful death statute, and the other for damages under the survival statute, § 45.01, Florida Statutes, F.S.A. The complaint set out in the opinion alleged that the plaintiffs were the administrators of the estate of the deceased, and that “no husband, nor minor child, nor anyone dependent upon deceased, now survives the said deceased.” The Court then stated that the plaintiffs’ right of action must be determined by facts existing at the time of the death of the decedent and that the allegations in the complaint that no husband, etc., now survive the deceased does not necessarily mean that such persons were not living at the time of death. The Court then said:
“ * * * In Benoit v. Miami Beach Electric Co., 85 Fla. 395 [396], 400, 96 So. 158, 159, this Court held that, ‘The existence or nonexistence of any one having the precedent right of action under the statute enters into the very siibstance of the right of action itself when instituted by any of the named classes of persons after the first; and, when the suit is brought by any of these different classes, except the widow or husband, the declaration, in order to show a cause of action should affirmatively show the nonexistence of any other person having a precedent right of action over the plaintiff under the statute.’ ”
The jury, in Love v. Hannah, supra, brought a verdict in favor of plaintiffs for $10,000, but the damages were not apportioned so it was impossible to tell what amount was allowed under § 768.01 and § 768.02, and what amount was allowed for damages under § 45.11, Florida Statutes, F.S.A.
A motion for new trial was made and denied. Nowhere in the motion for new trial was a reference made that the record failed to establish the right of action in the plaintiffs under the count for wrongful death. This motion was filed March 5, 1953. On March 17, 1953, before disposition of motion for new trial or entry of final judgment, the defendants filed a motion for summary judgment which motion among other things alleged that the evidence conclusively established the fact that the plaintiffs had no right of action and were not entitled to maintain the suit for the alleged wrongful death of Estelle Hannah; and that it appeared that the deceased was survived by a minor child, William Hannah, in whom any supposed right of action became vested by § 768.02, Florida Statutes, F.S.A., and second, that there were other parties dependent for support.
The lower court, in an order denying the motion for summary judgment, recited that such motion was not brought to the attention of the court until after a hearing was had on defendants’ motion for a new trial and after the entry of an order denying the defendants’ motion for a new trial, and after entry of judgment and was therefore denied on the ground it was filed and presented to the Court too late.
*408 The Court, in its opinion, then said:
“Without passing upon the question of whether the motion for summary judgment was timely presented, such motion raising a point that went to the very foundation of the right of action, was on file at the time the motion for new trial was argued and before it was denied and final judgment entered. There is no doubt about the fact that the lower court had knowledge of its contents within three days from the date the judgment was entered, and during the term at which it was rendered. See Section 26.32, Florida Statutes 1951, F.S.A.
* * * * * *
“It is generally true that on appeal the parties are restricted to the theory of the case as tried in the lower court. 4 C.J.S., Appeal and Error, .§ 241(a), p. 465 [719]. This principle has certain well recognized exceptions, one of which is that if an error in the lower court affects fundamental rights, it may be raised for the first time on appeal. 4 C.J.S., Appeal and Error, § 242, p. 485 [745]. Moreover, in this case it can not be said that the question which we are discussing was raised the first time here. On the contrary, the motion for new trial, on the ground that the verdict was contrary to the law and the evidence, raised the question in its broadest sense, and the motion for summary judgment — even if not properly filed — brought such fact to the Court’s attention during the term and a review of the lower Court’s ruling on those points is not raising the question here for the first time.”
The Supreme Court concluded by saying:
“We therefore conclude that the Court was in error in not setting aside the final judgment and granting a new trial when the facts and the law as set forth in the motion for summary judgment were brought to his attention, even though three days after he had disposed of the motion for new trial and entered final judgment.”
We conclude that the lower court was correct in granting a new trial to the defendant in this case and, on the return of the record to the court below, the parties should be permitted to file such further pleadings as they may find necessary.
Affirmed.
KANNER and SHANNON, JJ., concur.