255 So.2d 673 (1971)
Roy C. COWART, Sr., Petitioner,
v.
CITY OF WEST PALM BEACH, Respondent.
No. 40700.
Supreme Court of Florida.
December 8, 1971.
Larry Klein of Cone, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for petitioner.
Donald J. Lunny, of James, Bielejeski, Lunny & Thomas, Fort Lauderdale, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 241 So.2d 748. The decision sought to be reviewed conflicts with this Court's decision in Love v. Hannah,[1] giving this Court jurisdiction under § 4, Article V, of the Florida Constitution, F.S.A.
Petitioner, Roy C. Cowart, Sr., was plaintiff below in a suit for the wrongful death of his nine-year-old son in defendant-City's (respondent herein) water catch basin. The jury awarded a verdict of $20,000.00.
On appeal, defendants, for the first time, raised the question of plaintiff's standing to sue contending that the deceased child was illegitimate. The evidence at the trial indicated that the plaintiff and the deceased child's mother had never been ceremonially married, that the mother of the child had abandoned him at the age of three months and that the child had been raised by the plaintiff with the assistance of the plaintiff's mother and sister. Despite the fact that this evidence was known to the parties at the time of the trial, the question of the legitimacy of the child was never raised in the trial court, nor was it assigned as error on appeal.
*674 On appeal to the District Court, defendant for the first time raised the issue of whether the father of an illegitimate child has standing to bring suit for the wrongful death of his illegitimate child.
The District Court held that the question of standing to sue in this case involved a fundamental right and thus could be raised for the first time on appeal. As authority for this holding, the District Court relied on our opinion in Love v. Hannah, supra. This reliance was misplaced and creates conflict of the type recognized in Pinkerton-Hays Lumber Co. v. Pope.[2]
The Love v. Hannah case, supra, involved the question of "whether an administrator may maintain a suit under the wrongful death statute * * * in the absence of an affirmative showing of the nonexistence of any other person having a precedent right of action under the statute."[3] The complaint of the administrator in the Love case alleged "no husband nor minor child, nor anyone dependent upon deceased, now survives the said deceased."[4] After the trial and a jury verdict in favor of the administrator was returned, but before disposition of defendant's motion for a new trial or entry of final judgment, defendant filed a motion for summary judgment asserting that the plaintiff had no right to maintain the suit for the wrongful death of Estelle Hannah. The motion alleged that the deceased was survived by a minor child and also by an adult retarded child who had been dependent upon the deceased for support.
This Court in the Love case set aside the final judgment and remanded for a new trial, holding:[5]
"It is generally true that on appeal the parties are restricted to the theory of the case as tried in the lower court. * * * This principle has certain well recognized exceptions, one of which is that if an error in the lower court affects fundamental rights, it may be raised for the first time on appeal. * * * Moreover, in this case it can not be said that the question which we are discussing was raised the first time here. On the contrary, the motion for new trial, on the ground that the verdict was contrary to the law and the evidence, raised the question in its broadest sense, and the motion for summary judgment  even if not properly filed  brought such fact to the Court's attention during the term and a review of the lower Court's ruling on those points is not raising the question here for the first time."
In the instant case the pertinent facts were known prior to judgment and the question of standing was not raised until the appeal. Further, there were no other persons omitted from the suit who were more entitled to sue as in the Love case. And, finally, common law marriage,[6] a factual question, is a distinct possibility in this case. Had defendant raised the issue of standing to sue at the trial, plaintiff would have had opportunity to present evidence bearing on his marital status.
There is no problem here with waiver of the rights of omitted minor and dependent children of the deceased, as in the Love case, nor is there any allegation of surprise. Defendant apparently waited to raise the question of standing until after all the proceedings below were concluded with a verdict for the plaintiff and the *675 matter was up on appeal. We hold that under these circumstances, the right to question plaintiff's standing to sue was waived.
Accordingly, the petition for writ of certiorari is granted, the decision of the District Court is quashed and the cause remanded with instructions to reinstate the judgment for the plaintiff.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON and ADKINS, JJ., concur.
NOTES
[1] 72 So.2d 39 (Fla. 1954).
[2] 127 So.2d 441, 443 (Fla. 1961): "For a District Court of Appeal to accept a decision of this court as controlling precedent, and then to attribute to that decision a patently erroneous and unfounded principal of law, is to create a `real and embarrassing conflict of opinion and authority' * * *."
[3] 72 So.2d 39, 40 (Fla. 1954).
[4] Ibid.
[5] 72 So.2d 39, 43 (Fla. 1954).
[6] Florida Statutes § 741.211, F.S.A., providing common law marriages entered into after January 1, 1968, are void, is not applicable here.