346 So.2d 1037 (1977)
John Ross WILCOX, Douglas Montgomery Wilcox and the Hartford Accident & Indemnity Company, Appellants,
v.
Bobby JONES, As Administrator of the Estate of Rhonda Perry Jefferson, Deceased, Appellee.
No. 76-1604.
District Court of Appeal of Florida, Fourth District.
May 20, 1977.
Rehearing Denied June 23, 1977.
Richard V. Neill and Michael Jeffries, of Neill, Griffin, Jeffries & Lloyd, Fort Pierce, for appellants.
William M. Cobb, of Sullivan Cobb & Petersen, Vero Beach, for appellee.
MAGER, Chief Judge.
The issue presented in this appeal, which is one of first impression in Florida, is whether the father of an illegitimate child may recover damages for the wrongful death of his illegitimate child.
Based upon our reading of Sections 768.16-768.27, Florida Statutes (1975) (the Florida Wrongful Death Act), and, in particular, the recent decision of the United States Supreme Court in Trimble v. Gordon et al., ___ U.S. ___, 97 S.Ct. 1459, 52 L.Ed.2d 31, opinion filed April 26, 1977, the question is answered in the affirmative.
The wrongful death statute, which permits an action to be brought on behalf of decedent's "survivors," defines "survivors" as follows:

*1038 "(1) `Survivors' means the decedent's spouse, minor children, parents, and, when partly or wholly dependent on the decedent for support or services, any blood relatives and adoptive brothers and sisters. It includes the illegitimate child of a mother, but not the illegitimate child of the father unless the father has recognized a responsibility for the child's support."
It is settled that the predecessor wrongful death statute has been construed to recognize the right of a mother of an illegitimate child to recover damages for the death of such child. City of West Palm Beach v. Cowart, 241 So.2d 748 (Fla. 4th DCA 1970), rev'd on other grounds, 255 So.2d 673 (Fla. 1970); Glona v. American Guarantee and Liability Ins. Co., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968). The natural mother has, therefore, been recognized as a "parent" within the above cited statute. The natural father is no less a parent than the natural mother. Moreover, the newly adopted wrongful death act reflects a philosophy that lends itself to this construction.[1]
To recognize the right of the natural mother of an illegitimate child to maintain a wrongful death action but in the same breath to refuse to recognize the corresponding right of the natural father, would violate the equal protection clauses of the state and federal constitutions.[2]Trimble v. Gordon, supra; Glona v. American Guarantee and Liability Ins. Co., supra. As was observed in Moore v. Thunderbird, Inc., 331 So.2d 555 (La. App. 1976), at page 557, "The father is no more nor less guilty of immorality than is the mother."
Accordingly, we hold that the father of an illegitimate child may maintain an action to recover damages for the wrongful death of his illegitimate child and the final judgment is AFFIRMED.[3]
ANSTEAD and DAUKSCH, JJ., concur.
NOTES
[1] Those Florida decisions to the contrary were based upon an interpretation of the old wrongful death act and are deemed not to be controlling. But see Comment, "Wrongful Death: Does a Bastard Have a Father," 24 U.Fla.L.Rev. 190 (1971).
[2] See case comment, 24 U.Fla.L.Rev. 190, fn. 1, supra.
[3] The final judgment below was rendered pursuant to a jury verdict awarding damages to the natural father for the wrongful death of his illegitimate child arising out of a vehicular accident. We are satisfied that the evidence supports the jury determination, inherent in its verdict, that the father had provided support for the deceased child.