369 So.2d 684 (1979)
Irene B. WHITEFIELD, Brevard County School Board and Hartford Accident & Indemnity Company, Appellants,
v.
Ernestina L. KAINER, As Administratrix of the Estate of Mark Joseph Kainer, Deceased, Appellee.
No. 77-2420.
District Court of Appeal of Florida, Fourth District.
April 18, 1979.
E. Clay Parker and Michael P. Falkowski, III, of Parker, Falkowski, Johnson & Owen, P.A., Orlando, for appellants.
Arnold R. Ginsberg of Horton, Perse & Ginsberg, Miami, and Nance & Cacciatore, P.A., Melbourne, for appellee.
LETTS, Judge.
This appeal results from a wrongful death action in which the trial court refused to grant a motion for a directed verdict. The motion set forth that the illegitimate child was not a survivor as defined by the Florida Wrongful Death Act. We agree and reverse.
The facts are that the 18 year old alleged father was killed on a motorcycle. Nine months later his girlfriend gave birth to a child on whose behalf this wrongful death *685 action was instituted. The child claims to be a "survivor" under Section 768.18(1), Florida Statutes (1977) which reads:
(1) "Survivors" means the decedent's spouse, minor children, parents, and, when partly or wholly dependent on the decedent for support or services, any blood relatives and adoptive brothers and sisters. It includes the illegitimate child of a mother, but not the illegitimate child of the father unless the father has recognized a responsibility for the child's support. (emphasis supplied)
We are of the opinion that a directed verdict should have been granted in this case. At the time of his death there was no evidence that the putative father even knew that his girlfriend was pregnant and certainly there was no evidence whatever that he had recognized any responsibility for the child's support. Therefore this child does not qualify under the unequivocal language of the statute.
The child urges upon us the cases of Wilcox v. Jones, 346 So.2d 1037 (Fla. 4th DCA 1977) and In Re Estate of Burris, 361 So.2d 152 (Fla. 1978). Both of them are distinguishable because in both Wilcox and Burris the question of responsibility for support was not in dispute.
Although not necessary to this result, we also note that the trial court did not require the child to prove paternity. It instead accepted an ex parte order entered by the probate court declaring the child to be the deceased's heir. We are of the opinion that this too was error and that the child should have had the burden of proving the deceased was his father.
Accordingly the cause is reversed with directions to enter a judgment in accordance herewith.
REVERSED AND REMANDED.
DOWNEY, C.J., and MOORE, J., concur.