PER CURIAM.
' Rejecting the defendant-appellant’s primary contention on appeal, we find ample evidence that the decedent father “has recognized a responsibility for the ... support” of each of the allegedly illegitimate children on whose behalf the instant wrongful death action was maintained. See § 768.18(1), Fla.Stat. (1987). Compare Whitefield v. Kainer, 369 So.2d 684 (Fla. 4th DCA 1979). Accordingly, the judgment entered with respect to all of them is sustained by the applicable law.[1] There is likewise no error in the amount awarded to the decedent’s estate for its loss of net accumulations. Threets v. Hardison, 255 So.2d 267 (Fla.1971); Marks v. Delcastillo, 386 So.2d 1259 (Fla. 3d DCA 1980), review denied, 397 So.2d 778 (Fla.1981). Finally, we reject the claim that the final argument of plaintiff’s counsel requires a new trial on all issues.
The appellant has commendably conceded — assuming, as we have found, that a new trial is not required on liability as well — that the new trial granted by the trial court on damages alone should be reversed. Accordingly, the cause is remanded with directions to enter judgment on the jury verdict in its entirety.
Affirmed in part, reversed in part and remanded.

. We do not consider the appellant's contention asserted belatedly at oral argument that a new trial should be conducted concerning the factual basis of three of the children’s rights to recover, since the argument was not contained in either of the appellant’s briefs. Miami v. Steckloff, 111 So.2d 446 (Fla.1959); Anderson v. State, 215 So.2d 618 (Fla. 4th DCA 1968).