In the Matter of GLEBE JUNIORS, INC., Petitioner. RADLEY-ZUCKER, INC., et al., Respondents.

Supreme Court, Special Term, New York County, June 21, 1951.

*S. Shira Hauer* for Radley-Zucker, Inc., respondent.

*Jacob Schwartz* for petitioner.

Aaron J. Levy, J.   This is a motion by respondent to set aside an alleged settlement made out of court and before trial between counsel for petitioner and prior counsel for respondent. While this proceeding, which was brought to fix the rent pursuant to the provisions of the emergency rent laws, was pending and near trial, the then attorney for respondent sent a letter, dated January 16, 1951, to the attorney for the petitioner wherein he stated that his client agreed to vacate and give up the space occupied by it on or about March 31, 1951, upon condition that the proceedings pending in this court " be discontinued as against Radley-Zucker, Inc. without costs and that the corporation shall be released from any further liability other than the rent above provided for the period ending March 31, 1951." The petitioner's attorney confirmed this by letter of January 18, 1951. Nat Zucker, president of respondent, now states that he did not know of this exchange of letter until February 8, 1951; never authorized the settlement; and did not sign the surrender of lease.

An attorney cannot settle a suit and conclude his client in relation to the subject matter of the litigation without the consent of his client. (*Barrett* v. *Third Ave. R.R. Co.,* 45 N. Y. 628, 635; *Bush* v. *O'Brien,* 164 N. Y. 205, 211.) Mere employment as counsel confers no apparent authority to settle or compromise an action and, if an attorney seeks to do so, it is incumbent upon the opposing attorney to ascertain at his peril whether actual authority to take such action has been given. (7 C. J. S., Attorney and Client, § 105, p. 931.) In view of the respondent's definite denial of the giving of any express authority to the former attorney to settle or compromise the proceeding, and the lack of any showing by petitioner of the conferring of such authority, and of any acts holding out the attorney as having such power or any ratification, the motion to set aside the settlement is granted.   Settle order.