154 So.2d 698 (1963)
PALM BEACH ROYAL HOTEL, INC., a Florida corporation, Appellant,
v.
Mary BREESE, as surviving widow and as Administratrix of the Estate of Norman Breese, Deceased, Appellee.
No. 3448.
District Court of Appeal of Florida. Second District.
May 31, 1963.
Rehearing Denied July 8, 1963.
Samuel H. Adams, of Jones, Adams, Paine & Foster, West Palm Beach, for appellant.
George J. Alboum, Miami Beach, for appellee.
SHANNON, Chief Judge.
The appellant, defendant below, appeals from a final judgment for the appellee which was based upon an alleged compromise and settlement agreement entered into by the defendant's attorney.
This litigation arose with the filing of a complaint for damages suffered by the plaintiff due to the death of her husband, which death was allegedly caused by the defendant's negligence in operating its swimming pool. Defendant's attorney was also the attorney for defendant's insurance carrier, and during settlement negotiations the attorney *699 thought that he had authority from the insurance company to settle for $15,000.00. This amount was agreed to by the plaintiff. Within a very short time the defendant's attorney discovered that he was not authorized and immediately contacted the plaintiff's attorney. The record in this case consists of the defendant's attorney's statement to the court regarding his contacts with the opposing counsel and with defendant's insurance carrier. The case was continued, but after about two months, plaintiff moved for final judgment on compromise and settlement, and the lower court entered a judgment in the amount of $15,000.00 against defendant, based upon the alleged agreement. In this appeal the point involved is set out by the defendant's attorney as follows:
"Whether the trial court in this tort action properly entered final judgment for the plaintiff on an alleged compromise and settlement when the uncontradicted evidence is that defendant's attorney was not authorized to enter into the settlement and that plaintiff's counsel and the court were advised of the lack of authority and the defendant's non-consent to the settlement prior to entry of the final judgment."
The most interesting aspect of this case is that the defendant's attorney, throughout all of these negotiations, conferred only with the insurance carrier. No statements were made to or received from the named defendant relative to settlement. Yet the judgment herein was entered against the named defendant, it being the only defendant in the case. Even assuming that the insurance company had been a named party in this suit, the facts as stated by the attorney would not have been sufficient for the judgment. And here the insurance company is not a party; there is only the one named defendant, and there is no allegation and no evidence that this party in any way ever consented to or knew of the settlement negotiations. Nor is the insurance policy that was discussed in the attorney's statement introduced into evidence. These being the facts then, it is incumbent upon the plaintiff in the lower court to offer proof as to settlement. This has not been done. The theory upon which the plaintiff rests her claim is the agency of the insurance carrier's attorney for the actual defendant.
In 5 Am.Jur., Attorneys at Law, Sec. 98, it is stated, in part:
"The rule is almost universal that an attorney who is clothed with no other authority than that arising from his employment in that capacity has no implied power by virtue of his general retainer to compromise and settle his client's claim or cause of action, * * *"
This principle is also expressed in 11 Am. Jur., Compromise and Settlement, Sec. 33, where it is stated:
"It may be stated generally that an unauthorized compromise executed by one's agent or attorney, unless subsequently ratified, is of no effect and may be repudiated or be ignored and treated as a nullity by the one in whose behalf it was executed. * * *"
For a complete annotation on this subject, see 30 A.L.R. 944.
The rule relating to attorneys was well expressed in Kramer v. City of Lakeland, Fla. 1948, 38 So.2d 126, where the court commented:
"* * * The usual terms of employment of an attorney by a client to represent him in a litigated cause do not authorize the attorney to stipulate for the entry of a final decree, as was done in the case at bar. See State ex rel. Personal Finance Co. v. Lewis, 140 Fla. 86, 191 So. 295, and Swift & Co. v. Hocking Valley Ry. Co., 243 U.S. 281, 37 S.Ct. 287, 61 L.Ed. 722, supra."
In addition to the general theory of law as is announced in the City of Lakeland case, supra, our research has found several cases from other jurisdictions where the *700 facts are practically the same as those in the instant case. In the California case of Jones v. Noble, 1934, 3 Cal. App.2d 316, 39 P.2d 486, where an alleged agreement was set aside, the court stated, in part:
"* * * When such authority is challenged and want of authority put in issue in an action to enforce such an agreement for breach of performance, there must be evidence showing the giving of such authority to compromise, or of consent thereto or ratification thereof by the client, or of execution of a compromise agreement by the client himself, which will support a finding that the client made the agreement. * * *"
The case of Haluka v. Baker, 1941, 66 Ohio App. 308, 34 N.E.2d 68, is particularly interesting in that the insurance company, as in the instant case, was not a party. Further, the plaintiffs in that case asserted the same theory as the plaintiffs here. The court remarked: "This instant action is, of course, predicated upon the claim that the law firm of Beam & Beam, who, while general counsel for the insurance company, were also counsel of record for defendant, were the agents of the defendant in making said settlement agreement, and that the defendant is accordingly bound by the terms of the agreement, and liable to pay the amount thereof." The court, in repudiating the attorney's authority, or the fact that he was an agent, discussed the New York case of Countryman v. Breen, 1933, 147 Misc. 246, 263 N.Y.S. 603, and incorporated the reasoning in that case, in part, as follows:
"First, that an attorney has no authority to settle a case without express authorization from his client; second, that the insured had no control over the insurance company respecting the settlement of the claims against him; that the insurance company had the right to settle the claims as it saw fit; that the settlement was of direct concern only to the insurance company, and not to the insured; that, accordingly, the insurance company and its counsel were not acting as the agents of the insured, and the settlement agreement made by the insurance company was not binding upon the defendant-insured."
The court further noted Jones v. Noble, supra, and concluded that:
"* * * Under such circumstances, the insured is not personally bound by the agreement of settlement made by the insurer, unless it was expressly authorized or subsequently ratified by him, and he likewise is not bound to pay the amount of the settlement agreed upon. See Foremost Dairies, Inc. v. Campbell Coal Co., 57 Ga. App. 500, 196 S.E. 279; Burnham v. Williams, 198 Mo. App. 18, 194 S.W. 751; Attleboro Mfg. Co. v. Frankfort, etc., Ins. Co., 1 Cir., 240 F. 573."
The more recent case of Accarino v. Hirsch, 1958, 6 A.D.2d 795, 175 N.Y.S.2d 435, not only sets forth the rule as to the attorney's authority to settle, but in view of the fact that no evidence showing the attorney's authority is in the record the following quotation from that case is persuasive:
"There was no affidavit by any officer or employee of appellant's insurance carrier to corroborate the statements by appellant's counsel as to the limitation of his authority to settle. But this is not a situation where an attorney concededly settled the action, and the issue was solely as to whether the settlement by the attorney was without his client's authorization (cf. Kargman v. Brooklyn & Queens Transit Corp., 263 App.Div. 720, 30 N.Y.S.2d 650). Under the circumstances, we do not consider appellant's proof fatally defective merely because appellant failed to submit an affidavit or other proof from an authorized official of the insurance carrier as to the limitation of its counsel's authority."
*701 See also, Application of Glebe Juniors, 1951, 199 Misc. 934, 105 N.Y.S.2d 621, where the court held that:
"* * * In view of the respondent's definite denial of the giving of any express authority to the former attorney to settle or compromise the proceeding, and the lack of any showing by petitioner of the conferring of such authority, any acts holding out the attorney as having such power or any ratification, the motion to set aside the settlement is granted."
This case was sent back, in 279 App.Div. 653, 108 N.Y.S.2d 996, for further findings as to the attorney's actual authority.
Based upon the cases cited herein, as well as upon principle and reason, we send this case back for trial on the merits.
Reversed and remanded.
ALLEN and SMITH, JJ., concur.