178 So.2d 910 (1965)
Theodore L. GOFF, Appellant,
v.
INDIAN LAKE ESTATES, INC., a Florida Corporation, Appellee.
No. 4800.
District Court of Appeal of Florida. Second District.
October 7, 1965.
*911 Stephen H. Grimes and Bruce R. Jacob, of Holland, Bevis, Smith & Kibler, Bartow, for appellant.
Marie Alice Crano, Indian Lake Estates, for appellee.
SMITH, Judge.
Defendant appeals a final decree enforcing a purported compromise and settlement of plaintiff's action in equity seeking injunctive relief. The decree requires defendant to comply with the terms of a formal settlement agreement drafted by the attorneys for both parties but signed only by plaintiff. We reverse on the ground that the parties never reached a meeting of the minds on definite and essential terms.
Defendant owns several lots in a residential community being developed by the plaintiff. He has communicated to other lot owners various complaints and grievances concerning plaintiff's management and has urged them not to pay certain fees due plaintiff for maintenance of various common facilities and services. Plaintiff brought suit seeking injunctive relief against this conduct of defendant. On the first of seven days set for trial the parties were encouraged to explore *912 the possibility of settlement. After conferring briefly with his client defendant's former attorney composed and delivered to plaintiff's attorney a letter stating that defendant would enter into an agreement with plaintiff relative to future communications on certain prescribed conditions. These were briefly outlined in general terms in the letter. Counsel then conferred with each other and with their respective clients concerning the conditions set forth in the letter. Brief marginal notes were made on a copy indicating certain modifications to be incorporated in a formal agreement subsequently to be drafted by the attorneys jointly. Upon the basis of this letter, as so modified, the court was advised that the action had been settled subject to the preparation of a formal agreement. Approximately one week later plaintiff executed and returned for signing by defendant a formal agreement jointly prepared by the parties' attorneys. When defendant refused to sign this document plaintiff moved for a final decree incorporating its terms on the ground of compromise and settlement.
A party seeking judgment on compromise and settlement has the burden of establishing assent by the opposing party.[1] Unauthorized assent manifested by a party's attorney is insufficent.[2] Plaintiff does not contend that defendant's attorney was specially authorized to settle the action. Consequently, the decree is sustainable, if at all, only on the ground that the settlement stipulation or agreement made on the day set for trial constituted a binding contract.
It is essential to the creation of a contract that there be a mutual or reciprocal assent to a certain and definite proposition.[3] Until the terms of an agreement have received the assent of both parties, the negotiation is open and imposes no obligation upon either.[4] Without a meeting of the minds of the parties on an essential element there can be no enforceable contract.[5] Where the parties are merely negotiating as to the terms of an agreement to be entered into between them, there is no meeting of the minds, and consequently no contract while the agreement is incomplete.[6]
A comparison of the prior letter, as modified, with the subsequent document drafted by the attorneys discloses that the prior agreement was tentative and incomplete and that there was no meeting of the minds on definite and essential terms. For example, paragraphs 4 and 5 of the modified letter provided as follows:
"4. That the plaintiff will agree to the establishment of an escrow agreement to receive, account for and disburse all maintenance monies to be periodically audited and audit reports made available.
"5. That proper expenditures of maintenance funds be delineated and defined in the agreement so that there be no misunderstanding as to what constitutes a proper disbursement for maintenance purposes."
Only the subsequent formal agreement prepared by counsel specified what expenses properly could be paid from such fees. Further, although the letter, as modified, contained no term or provision expressly limiting comments or statements by the parties concerning the disposition *913 of the lawsuit, the formal agreement restricted them from publishing any statement or comment other than one jointly composed by the attorneys and attached to the agreement.
The detailed findings of fact contained in the decree demonstrate a commendable effort on the part of the court and counsel for the respective parties to reach an agreement of settlement contemplating the formal execution of a settlement agreement. The agreement was never completed and thus there was no settlement which the court could enforce.
Reversed and remanded for further proceedings consistent with this opinion.
ALLEN, C.J., and LILES, J., concur.
NOTES
[1] Palm Beach Royal Hotel, Inc. v. Breese, Fla.App. 1963, 154 So.2d 698.
[2] Ibid. This is so because an attorney employed merely to handle a litigated cause is not authorized to stipulate for the entry of a final decree on the merits. Kramer v. City of Lakeland, Fla. 1948, 38 So.2d 126; Bursten v. Green, Fla.App. 1965, 172 So.2d 472.
[3] 7 Fla.Jur., Contracts, § 14.
[4] Ibid.
[5] 7 Fla.Jur., Contracts, § 16.
[6] Ibid.