## KRENIS v. JAMES, et al.

No. 65-L-2666.

Circuit Court, Dade County.
January 28, 1966.

Julius H. Erstling, South Miami and Joseph Rosenkrantz, Miami Beach, for plaintiff.

Carey, Terry, Dwyer, Austin, Cole & Stephens, Miami, for defendant James.

Blackwell, Walker & Gray, Miami, for defendants Rodriguez and Rapp.

JAMES LAWRENCE KING, Circuit Judge.

This cause having come on to be heard on motion by the defendant, George Robert James, to dismiss the cause with prejudice to the plaintiff, or in the alternative, to compel plaintiff to consummate a settlement negotiated by plaintiff's attorney with all of the defendants, and the plaintiff having filed in response to said motion an affidavit in which plaintiff denied that her attorney had any authority to settle her claim and that she had refused to ratify the settlement made by her attorney, and the court having heard testimony, and having heard argument of counsel, the court now finds the following as fact—

(a) That the plaintiff employed Joseph Rosenkrantz, Esq. as her attorney.

(b) That the said Joseph Rosenkrantz did not have authority to settle plaintiff's claim.

(c) That the plaintiff, when advised of the settlement attempted to be negotiated on her behalf by her attorney, repudiated said settlement.

Under the law of this jurisdiction a client may repudiate an agreement entered into on his behalf by his attorney at any time up to actual acceptance by the client. Osius v. Hastings, 97 So. 2d 623; Palm Beach Royal Hotel v. Breese, 154 So. 2d 698; Bursten v. Green, 172 So. 2d 472; Goff v. Indian Lake Estates, 178 So. 2d 910; and Walters v. Boschia, 179 So. 2d 133.

Wherefore, it is ordered and adjudged that the motion by defendant, George Robert James, aforedescribed, be and it is hereby denied, the cause to proceed to trial, upon due notice by counsel for any of the parties.