SPECTOR, Judge.
This is an appeal by taxpayers from summary final decrees entered in two cases which have been consolidated for appeal.
*202 The taxpayers filed suit to set aside tax assessments made for the year 1965 against lands owned or leased by the appellants in St. Johns County, Florida, and to restrain the County Tax Collector from collecting the taxes levied pursuant to said assessments.
In the years 1963 and 1964, the appellants herein became involved in extensive litigation over the legality of the ad valo-rem tax assessments levied upon their real property. At the time said taxes for the years 1963 and 1964 were in litigation, there were also pending a number-of other suits in St. Johns County Circuit Court •contesting the legality of ad valorem taxes on the real property of other taxpayers in the county.
All of the above mentioned suits litigating the 1963 and 1964 taxes were settled by the entry of consent decrees entered by the trial court upon the written consent of the parties to the said suits. Included, of course, in that group of cases which were disposed of by consent decrees were the cases of the appellants herein.
The consent entered into by these appellants for the 1963 and 1964 cases contained express language by which appellants agreed to the entry of the decrees there involved “ * * * without prejudice to the right of plaintiff in any subsequent years to contest any future assessments.”
Relying on the right to contest future assessments in subsequent years that they had reserved for themselves by the above quoted language from the consent agreements in the earlier cases, the appellants instituted the instant litigation by which they contested the validity of the 1965 assessments.
The record reveals that the contested assessments for the year 1965 involved in the instant litigation were made on substantially the same basis and values as those agreed to by the consent agreement and consent decree pursuant thereto in the litigation of the 1963 and 1964 taxes.
In granting the defendant taxing officer’s motion for summary decree, the court below based its ruling on the doctrine of estoppel. In effect, the consent agreements in the 1963 and 1964 cases of the plaintiffs were construed by the court so as to settle once and for all the value of the plaintiff’s lands for taxation purposes in the absence of a contention that there had been either an increase or a decrease in the valuations so agreed by consent for the prior years.
While it is the policy of the law to encourage and favor the compromise and settlement of controversies between parties, that policy cannot require parties to resolve their differences without resort to the judicial process. When the parties do resort to compromise and settlement leading to the entry of a consent decree, the matters concluded thereby are dependent upon the intent of the parties to the agreement. North Shore Realty Corporation v. Gallaher, 99 So.2d 255 (Fla.App.3d 1957). In the case at bar, reference to the language of the consent agreement entered into by the appellants in respect of the assessments then at issue in the earlier cases clearly reflects a reservation by the taxpayer of the right to contest “any future assessments.” We do not perceive from the language adopted by the parties to reflect their agreement any wording which tends to indicate that the appellants could contest future assessments only if such future assessments were greater in value than those values agreed to in the consent instruments.
Reversed and remanded for further proceedings.
CARROLL, DONALD K., Acting Chief Judge, and RAWLS, J., concur.