HENDRY, Judge.
These interlocutory appeals concern the applicability of a proposed settlement agreement between the parties which attempted to define certain rental charges due under a lease.
Appellants, tenants of the appellee-land-lords, contend that the agreement was stipulated to by the parties in a court hearing and therefore it is binding on the parties and the court.
Appellees submit, however, that the effect of the proposed agreement was not binding because there was no meeting of the minds as' required to formulate a contract, therefore the agreement at issue is at most “an agreement to agree.”
Further, appellees point out, as they did in the trial court, that “before we even literally got out of the courthouse” a fundamental dispute arose over the meaning of the term “base rent” in the proposed agreement.
After hearing arguments from counsel, the trial court set aside the proposed settlement stating for the record, “I want you to come back, and you will have a full trial.”
We think the doubt raised by the parties concerning the rent due under the full lease, and now under the proposed written settlement, justified the action taken by the court. Cf., Massachusetts Casualty Ins. Co. v. Forman, 469 F.2d 259 (5th Cir.1972).
It requires no citation to authority that settlements are favored in the law. Nevertheless, such policy considerations cannot serve to deny litigants resort to a full judicial proceeding. See, St. Regis Paper Company v. Hill, Fla.App. 1967, 202 So.2d 201.
Additionally, one seeking judgment pursuant to an agreement to settle must show mutual assent. Goff v. Indian Lake Estates, Inc., Fla.App.1965, 178 So.2d 910; Lefort v. Calderone, Fla.App.1971, 244 So.2d 559.
Therefore, for the reasons stated, the order appealed is affirmed and the cause is remanded to the trial court for further proceedings.
Affirmed.