DELL, Judge.
Kenneth Galligan appeals from an order denying his motion to set aside an order granting appellee Richard Burgess’s motion to enforce a settlement against appellant and The Monastery, Inc., d/b/a Monk’s Lounge (Monastery).[1]
Appellant owned all of the stock of KBG, Inc., the parent corporation of Monastery which owned and operated Monk’s Lounge. Appellee sued appellant and Monastery for damages resulting from personal injuries allegedly suffered in Monk’s Lounge. Appellant received service of process and notified the insurance carrier for Monastery, Northeastern Fire Insurance Company of Pennsylvania (Northeastern), of the suit and forwarded the complaint to the insurer for a defense. Northeastern retained Pom-eroy, Betts & Pomeroy to defend. Pomeroy sent appellee a $6,000 offer of judgment on behalf of appellant and Monastery, which appellee accepted.
*1038 When Northeastern went into receivership appellee moved to enforce the settlement against appellant individually. The trial court granted the motion to enforce settlement, giving appellant and Monastery 20 days to pay the settlement. Appellant retained independent counsel and moved for a rehearing to set aside the offer of judgment, claiming that he never authorized the law firm retained by Monastery’s insurance carrier to settle the claim. The trial court denied appellant’s motion for rehearing to set aside the offer of judgment. This appeal followed.
Appellant contends that the trial court should have set aside the order enforcing the settlement because he did not authorize, consent to or ratify the settlement.
The burden of establishing assent to a settlement rests on the party seeking judgment on that settlement. Goff v. Indian Lake Estates, Inc., 178 So.2d 910 (Fla. 2d DCA 1965). In a case factually similar to the case at bar, the Second District reversed a judgment entered against a named insured based on a compromise and settlement where all settlement negotiations took place between the plaintiff and the insurer’s attorney. The insured could not be bound unless the party seeking to enforce the settlement alleges and proves that the insured consented to or knew of the settlement negotiations. Palm Beach Royal Hotel, Inc. v. Breese, 154 So.2d 698 (Fla. 2d DCA 1963). In the present case, appellee alleged a settlement agreement with appellant individually but failed to present any proof of this agreement or subsequent ratification by appellant.
Accordingly, we reverse and remand with instructions to vacate that portion of the order which enforces the settlement against appellant.
REVERSED and REMANDED.
BERANEK and WALDEN, JJ., concur.

. Monastery failed to appeal the order enforcing settlement and thus stands as an appellee in this appeal. 9.020(f)(2), Fla.R.App.P.