438 So.2d 1015 (1983)
Paul ALBERT, Janice A. Albert, and Hofco, Inc., Appellants,
v.
HOFFMAN ELECTRIC CONSTRUCTION COMPANY, a Foreign Corporation, Jerry B. Smith, Esquire, As Attorney for Hofco, Incorporated and Theodore R. Nelson, Esquire, Appellees.
No. 83-697.
District Court of Appeal of Florida, Fourth District.
October 12, 1983.
*1016 David L. Kessler, Fort Lauderdale, for appellants.
William S. Cross, Fort Lauderdale, for Appellee-Hoffman Elec. Const. Co.
DELL, Judge.
Paul Albert, Janice A. Albert and Hofco, Inc., appeal from a final judgment based on an oral settlement announced in open court by counsel for the respective parties to this appeal.
In 1979, appellees, Hoffman Electric Construction Company and Robert S. Hoffman, filed a multi-count complaint against appellants. The original complaint sounded basically in breach of contract. Later, appellees filed an amended complaint in which they sought damages, injunctive relief and specific performance of the contract to purchase Hofco stock. Immediately before trial, counsel for the parties agreed to and dictated a settlement stipulation into the record in the presence of the trial judge. Counsel for the parties and the judge noted Janice Albert's absence. The following exchange transpired between counsel and the court:
COUNSEL FOR APPELLANT: a caveat will be if Janice Albert does not execute this settlement, then there is no settlement, as she is a party defendant.
COUNSEL FOR APPELLEES: And she would have to join and abide by all of the terms and conditions of the settlement as they apply to Hofco and to Paul Albert.
THE COURT: Absolutely. One of the preconditions and prerequisites is that Mrs. Albert join in the settlement and be bound by all its terms and conditions, and further, that the other two defendants will execute joinders as well.
Counsel for appellees prepared several drafts of a stipulation and order which appellants rejected. Approximately fourteen months later appellees filed an amended motion to enter judgment based on the settlement which counsel had earlier announced to the court. Appellant, Janice Albert, opposed the settlement and asserted among other things that her counsel had no authority to enter into the settlement agreement. The trial court entered judgment based upon the expiration of more than fourteen months after the announced settlement and his finding that the written settlement stipulation constituted only a procedural requirement of the settlement.
This appeal presents the recurring question of whether an attorney may bind a client to an agreement for settlement in the absence of the client's express or implied authority to enter into compromise and settlement.
This court summarized the rules of law applicable to an attorney's authority to bind his client to an agreement for settlement *1017 and compromise in Nehleber v. Anzalone, 345 So.2d 822 (Fla. 4th DCA 1977):
(1) A party seeking judgment on the basis of compromise and settlement has the burden of establishing assent by the opposing party. Goff v. Indian Lake Estates, Inc., 178 So.2d 910 (Fla. 2d DCA 1965). (The record affirmatively shows that Mr. Anzalone did not assent to or have knowledge of the $6,000.00 settlement offer.)
(2) The mere employment of an attorney does not of itself give the attorney the implied or apparent authority to compromise his client's cause of action. Palm Beach Royal Hotel, Inc. v. Breese, 154 So.2d 698 (Fla. 2d DCA 1963). (The fact that Mr. Anzalone hired James Taylor to represent him in this case did not give the attorney the implied or apparent authority to compromise his client's cause of action.)
(3) An exception to the general rule is a situation in which the attorney is confronted with an emergency which requires prompt action to protect his client's interest and consultation with the client is impossible. Bursten v. Green, 172 So.2d 472 (Fla. 2d DCA 1965). (There is no showing of an emergency which would have required prompt action on the part of the attorney in this case to protect his client's interest.)
(4) A client may give his attorney special or express authority to compromise or settle his cause of action, but such authority must be clear and unequivocal. Bursten v. Green, supra. (Mr. Anzalone gave no such authority to his former attorney.)
(5) An unauthorized compromise, executed by an attorney, unless subsequently ratified by his client, is of no effect and may be repudiated or ignored and treated as a nullity by the client. Palm Beach Royal Hotel, Inc. v. Breese, supra; State Department of Transportation v. Plunske, 267 So.2d 337 (Fla. 4th DCA 1972). (There was no ratification by Mr. Anzalone. By proceeding to trial on his original complaint, he clearly repudiated the unauthorized compromise negotiated by his former attorney.)
Id. at 822-23.
The exchange between counsel and the court established that a binding settlement and compromise could only occur when Janice A. Albert signed the settlement agreement. The record does not reflect, nor does the trial judge's order set forth any facts which would create an estoppel sufficient to support a final judgment based upon the stipulation which the parties dictated into the record. We also fail to find support in the record for the trial judge's conclusion that the signing of an agreement by Mrs. Albert constituted only a procedural aspect of the settlement. Rather, the record compels the conclusion that Mrs. Albert's signature was a substantive requirement of the agreement and that without her signature or evidence which would establish her ratification of the agreement, the agreement had no binding effect upon her.
We find no basis in the record to remand this cause for an evidentiary hearing to determine whether appellants' counsel had authority to enter into the settlement stipulation. The exchange between counsel and the court leaves no doubt that her express agreement constituted a condition precedent to the settlement. Accordingly, we reverse the judgment in favor of the appellees and remand this cause to the trial court.
REVERSED and REMANDED.
BERANEK and HURLEY, JJ., concur.