CITIZENS MORTGAGE CORP., (U.S.A.), Inc., et al., Plaintiffs,

v.

INVESTORS MORTGAGE INSURANCE COMPANY, et al., Defendants.

No. 87–1945–CIV–T–17(A).

United States District Court, M.D. Florida, Tampa Division.

Feb. 10, 1989.

Richard A. Lapidus, Lapidus & Frankel, P.A., Miami, Fla., for plaintiffs.

Charles P. Pillans, III, Jacksonville, Fla., for United Guar. Residential Ins.

David T. Knight & Jeanne T. Tate, Shackleford, Farrior, Stallings & Evans, Tampa, Fla., and Walter T. Weathers, Sewell & Riggs, Houston, Tex., for Investors Mortg. Ins. Co.

ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on the following motions and responses:

1. Defendant United Guaranty Residential Insurance Company (United Guaranty)'s motion to dismiss and memorandum in support thereof, filed January 27, 1988.

2. Defendant United Guaranty's request for oral argument, filed January 27, 1988.

3. Defendant Investors Mortgage Insurance Company (Investor)'s motion to

dismiss and memorandum in support thereof, filed February 5, 1988.

4. Plaintiffs' memorandum in law in opposition to United Guaranty's motion to dismiss, filed February 8, 1988.

5. Plaintiffs' memorandum of law in opposition to Investor's motion to dismiss, filed February 16, 1988.

6. Defendant Investor's motion to dismiss amended complaint, filed February 18, 1988.

7. Defendant United Guaranty's motion to dismiss amended complaint and motion for extension of time, filed February 22, 1988.

8. Plaintiffs' memorandum in opposition to United Guaranty's motion to dismiss amended complaint, filed February 26, 1988.

9. Plaintiffs' memorandum in opposition to Investor's motion to dismiss amended complaint, filed February 26, 1988.

10. Defendant Investors' motion to dismiss or transfer case on forum non conveniens grounds and supporting memorandum, filed August 12, 1988.

11. Plaintiffs' memorandum in opposition to motion to transfer and appendix thereto, filed August 22, 1988.

12. Defendant United Guaranty's memorandum in support of motion to transfer, filed August 30, 1988.

13. Defendant Investor's reply to Plaintiff's memorandum in opposition to motion to transfer, filed September 9, 1988.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Plaintiffs filed an amended complaint in this cause on February 16, 1988, and alleged the following facts in support of their claim:

1. In early 1983, Plaintiff Citizens Mortgage Corporation (USA), Inc. (Citizens Mortgage) negotiated a permanent loan commitment with Atrium Residence Company (Atrium). Atrium was planning to build a 108–unit condominium apartment in Harris County, Texas. Plaintiffs contracted with Fairfax Savings and Loan Association (Fairfax) to purchase the Atrium loan upon closing. Fairfax required mortgage insurance as part of the permanent financing.

2. Citizens Mortgage negotiated with Defendants Investors and United Guaranty for commitments of mortgage insurance. Both companies agreed to furnish mortgage insurance to be placed upon the closing of the permanent loan in St. Petersburg, Florida.

3. On February 18, 1983, in reliance on the agreements of both Defendants Citizens Mortgage issued its commitment for permanent financing. The commitment was guaranteed by Citizens Savings Financial Corporation (Citizens Savings). Part of the commitment for permanent financing was a list of terms and conditions which were promulgated by the mortgage insurers previously.

4. On February 16, 1983, Investors issued a letter, addressed to Donna L. Cribbs, Assistant Vice President, Citizens Mortgage Corporation, which Plaintiffs assert is a commitment to provide mortgage insurance. (Exhibit B to amended complaint). In relevant part the letter states:

> IMI (Investors) has received and reviewed the information which you have submitted on the above project. We find that the project qualifies for our builder operative program subject to the following terms and conditions: (terms and conditions omitted)
>
> If the above terms and conditions meet with your approval please let me know. Upon positive notification, I will issue a separate letter of approval for each program ...

The letter was signed by S. Michael Lucasn, National Underwriting Manager.

5. On March 2, 1983, a letter was issued by United Guaranty, addressed to Donna L. Cribbs, Citizens Mortgage Corpora-

tion, which Plaintiffs assert is a commitment to provide mortgage insurance. (Exhibit C to amended complaint). In relevant part the letter states:

> We have received and reviewed the information which you have submitted on the above captioned project. We find the project qualifies for our builder operative program subject to the following terms and conditions: (terms and conditions omitted).

> Thank you for the opportunity to assist you in this project. If we can be of any further assistance, please do not hesitate to contact us.

The letter was signed by Bob Rosenblum, Divisional Vice President.

6. As the completion of the project neared, Atrium and its construction lender gave Plaintiffs notice they would be called on to honor the terms of its commitment. Plaintiffs then notified Defendants that they would soon be called on to issue the policies of mortgage insurance which Plaintiffs assert they were committed to issue by Exhibits B and C of the amended complaint.

7. Defendants knew that: 1) the commitment for permanent financing was contingent on the issuance of mortgage insurance, 2) failure to issue the insurance would mean the loan would not close and the project would fail, and 3) no other mortgage insurance company would issue mortgage insurance for this type of project in Harris County, Texas.

8. At completion of the project, Plaintiffs notified Defendants to issue the mortgage insurance. Defendants refused to furnish mortgage insurance on the project. All conditions precedent to issuance of the insurance have been performed or have occurred.

9. The participants in the construction project filed suit against both Plaintiffs in the District Court of Harris County, Texas, for breach of the loan commitment.

10. Defendants were joined in the cause of action. After two years, a settlement conference was scheduled for October 23, 1987. Neither Defendant attended the conference. Plaintiffs in the Texas action alleged possible damages in excess of $39,000,000.00. Citizens Mortgage and Citizens Savings settled the litigation for $2,750,000.00. When notified of the settlement, Investors and United Guaranty disapproved of the settlement.

Count I of the amended complaint asserts breach of contract against both Defendants. Count II seeks to have Defendants indemnify Plaintiffs in the amounts paid out in settlement, interest, attorneys' fees, and costs in defense of the Texas cause of action.

MOTIONS TO DISMISS

Investor's motion to dismiss the amended complaint alleges that Count I and II fail to state a cause of action upon which relief can be granted and that Citizens Savings is not a proper party Plaintiff. United Guaranty's motion to dismiss the amended complaint asserts that Citizens Savings is not a proper party and that Count II of the amended complaint fails to state a cause of action. The motion to dismiss of United Guaranty requests that the Court extend the time to answer Count I of the amended complaint, as it relates to Citizens Mortgage, until the Court rules on the motion to dismiss. The Court finds the request well-taken.

The Court will first address the issue of the standing of Citizens Savings as a party plaintiff. As the Court stated previously, the standard for granting a motion to dismiss is that it must appear "beyond doubt" that Plaintiff can prove no set of facts which would entitle him to relief. Count I of the amended complaint alleges that both Plaintiffs relied on the Defendants commitment to provide mortgage insurance in committing to provide financing and in guaranteeing that commitment. Further, the amended complaint alleges that Defendants knew the commitment and guarantee of Plaintiffs was contingent on the issuance of mortgage insurance.

A third-party beneficiary to a contract may bring suit for an alleged breach of contract where there was:

> ... an intent to benefit the third party at the time the promisor and promisee en-

tered into the contract in order for the third party to be classified as either a donee or a creditor beneficiary. If no such intention to benefit is found in the contract, the third party is an incidental beneficiary and has no right enforceable against the promisor under the contract. *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 472 (5th Cir.1968). The third-party beneficiary need not necessarily be named in the contract. Rather, the status of the third-party may be established by the pre-contract or post-contract actions of the parties. *Florida Power & Light Company v. Mid–Valley, Inc.*, 763 F.2d 1316, 1321 (11th Cir.1985).

Upon due consideration, the Court cannot say "beyond doubt" that there is no set of facts which Plaintiffs could prove which would entitle him to relief. The amended complaint, while perhaps sparse, is sufficiently pled for Plaintiff Mortgage Savings to raise a claim for breach of contract against Defendants. As to Count II for indemnity, the Court finds that if the indemnity count is sufficient to survive the motion to dismiss Plaintiff Citizens Savings has standing to sue on that count.

The second issue before the Court is Defendant Investors' motion to dismiss Count I of the amended complaint because the amended complaint fails to state a cause of action upon which relief can be granted based on an agreement to agree. Defendant Investor's asserts that the purported contract, Exhibit B to amended complaint, is nothing more than an agreement to agree. That the letter required positive notification of acceptance of the proposed terms and conditions and subsequent issuance of separate letters of approval for each program. Defendant Investors further asserts that there is no allegation Plaintiffs notified Defendant Investors of acceptance of terms and conditions or that separate letters of approval were issued.

To create a contract there *must* be a mutual or reciprocal assent to a certain and definite proposition. Without a meeting of the minds, there can be no enforceable contract. Mere negotiations as to terms of an agreement to be entered into is not a meeting of minds and does not establish the existence of an enforceable contract. *Goff v. Indian Lake Estates, Inc.*, 178 So. 2d 910, 912 (Fla. 2d D.C.A.1965).

The letter of February 16, 1988, states that positive notification is required of Plaintiff to activate letters of approval for the insurance for the projects. The Court determines as a matter of law that this letter does not constitute a "contract", because it is clear from a reading of the letter that is merely a unilateral agreement to enter into letters of approval for the project upon notification from Plaintiffs of the acceptance of the terms and conditions proposed. There are *no* allegations that Plaintiffs ever notified Defendant Investors of the acceptance of the terms and conditions or that letters of approval were ever issued.

Plaintiffs do make conclusory allegations that, prior to the February 16, 1983, Defendants Investors "agreed to furnish mortgage insurance for the project, which insurance was to be placed upon the closing of the permanent loan in St. Petersburg, Pinellas County, Florida." Plaintiffs do not allege any details as to the purported agreement prior to the letter of the 16th. Was the agreement oral or written, about when did it occur, did the agreement include the terms and conditions proposed in the letter, who made the agreement? These issues are not addressed in the amended complaint. The amended complaint fails to sufficiently allege facts upon which a cause of action for breach of contract against Defendant Investors may be based.

The last issue to be addressed in the motions to dismiss relates to the indemnification cause of action. As to Defendant Investors, the claim for indemnification is based on breach of contract or commitment to furnish mortgage insurance. The Court has found that Plaintiffs have failed to state a cause of action for breach of contract against Investors and Plaintiffs will be given the opportunity to amend their complaint to cure the defects in pleading. The indemnity action against Defendant In-

vestors cannot lie unless and until Plaintiffs have filed an amended complaint sufficiently alleging a cause of action for breach of contract against Investors. Assuming that such a complaint is filed, however, the following discussion as to the indemnity issue as it relates to Defendant United Guaranty will also apply to Defendant Investors' motion to dismiss the indemnity count.

█ Count II seeks indemnity for the amounts of money Plaintiffs paid to settle the Texas litigation with the construction lenders, plus attorneys' fees and costs of that suit. Defendant Investors' motion to dismiss asserts that Plaintiffs have not, and cannot, plead a cause of action for indemnity because Plaintiffs cannot be vicariously liable for Investors actions and Plaintiffs cannot be wholly without fault. United Guaranty alleges that the amended complaint fails to allege any legal basis for indemnity.

The right of indemnity may arise from either an express contract (contract for indemnity) or by the existence and violation of a duty as between tortfeasors. *Florida Power Corp. v. Taylor*, 332 So.2d 687 (Fla. 2d D.C.A.1976). The Supreme Court of Florida in *Houdaille Industries, Inc. v. Edwards*, 374 So.2d 490 (Fla.1979) stated:

> Indemnity is a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other and is allowable only where the *whole* fault is the one against whom indemnity is sought. (cite omitted) It shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable ...Indemnity can only be applied where the liability of the person seeking indemnity is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed.

*Id.*, at 492–93. Liability is the state of being liable, while liable means to be bound or obligated according to law or equity. Vicarious is the performance or sufferance of one person as a substitute for another or for the benefit or advantage of another. Constructive liability would be liability not directly expressed but inferred. *Webster's Third New International Dictionary, Unabridged*, 1971.

The Court, upon due consideration, finds the motion to dismiss Count II should be granted. Plaintiffs seek to have Defendants indemnify it from the liability it had to the construction lender plaintiffs in the Texas lawsuit. Plaintiffs here had direct and contractual liability to the construction lender plaintiffs in the Texas action. The liability therein was not derivative, constructive, or vicarious (an obligation performed by Plaintiffs as a substitute for Defendants, an obligation inferred not directly expressed). The Courts Count II of the amended complaint fails to state a cause of action for indemnity.

## MOTION TO TRANSFER FOR FORUM NON CONVENIENS

Defendant Investors has filed a motion to transfer on the basis of forum non conveniens and asks this Court to transfer this cause of action to the United States District Court for the Southern District of Texas, Houston Division. Defendant United Guaranty joins in the motion to transfer and adopts the memorandum in support thereof.

While jurisdiction does exist in this forum, 28 U.S.C. Section 1404(a) permits the transfer of a case for the convenience of the parties, convenience of the witnesses, and in the interests of justice. In making the determination of whether the requested transfer will be in the interest of justice and for the convenience of the parties and witnesses, the Court must "strike a balance on convenience between those elements which weigh in favor of transferring ...and those which favor allowing plaintiff's choice of forum to stand undisturbed." *Umbriac v. American Snacks, Inc.*, 388 F.Supp. 265, 269 (E.D.Pa.1975). While the Court recognizes that considera-

tion of any number of factors may be relevant to the question of transfer, ultimately the resolution of the question is for the Court's discretion. *Pouncy v. Johnson & Johnson,* 414 F.Supp. 551, 553 (S.D.Fla. 1976).

■ In determining the propriety of transfer the Court must give considerable weight to Plaintiffs' choice of forum. *Intergraph Corp. v. Stottler, Stagg & Associates,* 595 F.Supp. 976, 978 (N.D.Ala.1984). Only if Plaintiffs' choice is clearly outweighed by considerations of convenience, cost, judicial economy, and expeditious discovery and trial process should this Court disregard the choice and transfer the action.

■ Regardless of whether this controversy is litigated in the Middle District of Florida or the Southern District of Texas, individuals on both sides may be inconvenienced with respect to physical location. Defendants assert the following to be relevant factors which are in favor of the motion to transfer:

1. Citizens Mortgage and Citizens Savings filed an identical claim against Defendants on January 9, 1987, in the district court of Harris County, Texas, by way of a third-party complaint (the Texas action). The third-party complaint involved the identical parties, the identical theories of relief, and identical damages sought as in this cause of action. The Texas action was voluntarily dismissed by Plaintiffs on November 30, 1987, following settlement.

2. Prior to dismissal, considerable discovery had been undertaken in the Texas action, including depositions of the developers, their employees, Investor's and United Guaranty's employees, the real estate appraiser, and Donna Cribbs, a key employee of Citizens Mortgage. Document productions were conducted of records maintained by the plaintiffs in the Texas action and Plaintiffs here. Numerous requests to admit were served and answered by most of the parties. The Federal District Court in Houston would have easy access to the pleadings and records since Harris County is within its district.

3. The following connections with the State of Texas exist in this action:

a. The action arose out of Defendants' alleged agreement to provide mortgage insurance on a permanent loan commitment Plaintiff Citizens Mortgage negotiated with Atrium, a Texas partnership, with offices in the Southern District of Texas.

b. Citizens Mortgage is a Texas corporation with its principal place of business in Texas.

c. The project developers offices are located in the Southern District of Texas, Houston Division.

d. The condominium project was located in Texas.

e. Citizens Mortgage issued its commitment for financing in Houston, Texas and forwarded the commitment to Atrium in Texas.

f. The commitment allowed an assignment, in whole or in part, to Fidelity Savings and Loan Association of Port Arthur, Texas.

g. The Texas action was predicated on Texas law exclusively.

4. Defendants have never had dealings or negotiations in Florida vis-a-vis the alleged commitment for mortgage insurance. Virtually all of the negotiations and dealings between Defendants Investor and Citizens Mortgage took place between Donna L. Cribbs, Assistant Vice President of Citizens Mortgage and S. Michael Lucasn, of Investors, who was located in Boston, Massachusetts.

5. The only nexus with the State of Florida is that the loan closing, which never occurred, was scheduled to occur in St. Petersburg, Florida, and Citizens Savings is a Florida corporation. Citizens Savings never negotiated with Defendants, directly or indirectly.

6. Virtually all of the witnesses and documents concerning the merits of Plaintiffs' underlying claims against Defendants are located in Texas, including: a) Jeffrey A. Peiper, Vice President of Fidelity Savings & Loan; b) Robert B.

Evans, the contractor; c) Ronnie Wardell, president of Fidelity Savings & Loan; d) Keith Hudson and e) David Parsley, employees of Fidelity Savings & Loan; f) J.B. Taylor, regional vice president of Citizens Mortgage; g) two developers; h) the real estate appraiser; i) the architect; j) Frank Keathly, employee of Investors, k) the contractor; and l) Robert Rosenblum of United Guaranty.

7. Texas law governs the substantive issues in the case and Texas courts are in the best position to interpret Texas law.

Plaintiffs assert, in support of the memorandum in opposition to the motion to transfer, the following relevant facts:

1. This lawsuit is based on breach of contract, indemnity and contribution as a result of not one but two previous lawsuits. (As pointed out by Defendants in their reply to the opposition, the amended complaint in this cause makes no reference to a second lawsuit. The second lawsuit referred to in the memorandum is Citizens Mortgage Corp. v. First Federal Savings and Loan, Case No. 86–843–CIV–King (S.D.Fla.) District Judge King transferred the cause of action to the Middle District of Florida, by order of September 30, 1986, found the defendant has failed to support its claims for transfer to Texas with affidavits, depositions or stipulations and, therefore, it had "failed to make a clear and adequate showing that transfer to the Southern District of Texas would promote the convenience of parties and witnesses or promote the interest of justice." Transfer was made to the Middle District of Florida, because there was no connection to the Southern District of Florida and the defendants were located in the Middle District, negotiations regarding the loan were in the Middle District, and the loan was to close here. Upon transfer District Judge Carr, denied the motion to transfer as being moot since the case was recently transferred from the Southern District of Florida. [Case No. 86–1466–CIV–T–13].)

2. The commitment for origination of mortgage loan between Citizens Mortgage and Atrium was signed in Florida.

The commitment provided the loans would close in St. Petersburg, Florida.

3. The commitment for mortgage insurance for Investors was issued from their corporate offices in Boston, Massachusetts, and mailed to Citizens Mortgage in Atlanta, Georgia.

4. The United Guaranty commitment was issued from their corporate offices in Miami, Florida, and mailed to Citizens Mortgage in Atlanta, Georgia.

5. The mortgage insurance policies were to have been issued at the time of closing of the loan which was to have occurred in St. Petersburg, Florida.

6. The parties to the Texas action and the previous Florida action met in Miami to discuss settlement of those two actions. Defendants here were notified of the settlement conference but did not attend. The settlement conference resulted in a settlement agreement of all parties to the two lawsuits, except Defendants Investors and United Guaranty, which was entered into, drawn and executed in the State of Florida.

7. Plaintiff Citizens Mortgage is located in the Middle District of Florida. (The Court notes that according to the amended complaint Citizens Mortgage is a Texas corporation with its principal place of business in Texas, whereas Citizens Savings is a Florida corporation with its principal place of business in Florida.

8. Defendant Investors is an Illinois corporation with its principal place of business in Massachusetts.

9. Defendant United Guaranty is an Iowa corporation with its principal place of business in North Carolina.

10. The applicable law regarding the commitment between Citizens Mortgage and Atrium is Florida law. The contract between Defendants were made in Massachusetts and Georgia, but were to be performed in Florida. Matters concerning the execution, interpretation, and validity of a contract are determined by the place where it is made, while those concerning performance are regulated by the law of the place of performance.

826

*Center Chemical Co. v. Avril, Inc.*, 392 F.2d 289 (5th Cir.1968).

11. Witnesses to be called as to Count I, breach of contract include: a) three Miami, Florida attorneys who participated in the negotiation of the mortgage insurance commitments; b) Donna Cribbs, Atlanta, Georgia, c) officers of Investors, five from Boston, Massachusetts and one from Connecticut; d) officers of United Guaranty, three from Greensboro, North Carolina; e) officers of Fairfax, one from New York, New York and one from Baltimore, Maryland; f) Jeff Peiper, officer of Fidelity Savings & Loan, from Houston, Texas, and Eugene Clements, attorney for Citizens Mortgage, from Houston Texas.

This cause of action is an amalgam of connections with various jurisdictions, among them Texas, Florida, Georgia, Massachusetts. Of the approximately twenty-seven potential witnesses in this cause named by both sides only three are from Florida and twelve are identified as being from Texas. The remaining witness are from various other venues, including Connecticut, Massachusetts, New York, Maryland, Georgia, and North Carolina. The contracts of commitment to provide mortgage insurance, assuming their validity for the sake of argument, were drafted in Massachusetts and Miami, Florida, and mailed to Atlanta, Georgia.

The Court in GRANTING the transfer has considered all of the circumstances of the case, including the interest of the litigants and the public interests. The Court concludes that the moving parties have met the burden of proof required for the requested transfer of venue. Accordingly, it is

ORDERED that United Guaranty Residential Insurance Company of Iowa's request for oral argument be denied.

ORDERED that United Guaranty Residential Insurance Company of Iowa's motion for extension of time to respond to Count I of the amended complaint be granted *nunc pro tunc* to February 22, 1988.

ORDERED that Defendants' motions to dismiss Citizen's Savings Financial Corporation as a party plaintiff be denied.

ORDERED that Defendant Investors Mortgage Insurance Company's motion to dismiss Count I of the amended complaint be granted. Plaintiffs shall have ten (10) days from the date of this order in which to file a second amended complaint.

ORDERED that Defendants Investors Mortgage Insurance Company and United Guaranty Residential Insurance Company of Iowa's motions to dismiss Count II of the amended complaint be granted, and

ORDERED that Defendants Investors Mortgage Insurance Company and United Guaranty Residential Insurance Company of Iowa's motion to transfer for *forum non conveniens* be granted. The Clerk of the Court is directed to transfer this cause of action to the United States District Court for the Southern District of Texas, Houston Division.