## TOMSICH v REPUBLIC SAVINGS AND LOAN ASSOCIATION, etc.

Case No. CL 88-10379 AJ

Fifteenth Judicial Circuit, Palm Beach County

June 5, 1990

### APPEARANCES OF COUNSEL

**Robert M. Brochin, Esquire,** for plaintiff.

**Wade Byrd, Esquire,** for defendant.

### OPINION OF THE COURT

MARY E. LUPO, Circuit Judge.

*FINAL SUMMARY JUDGMENT FOR DEFENDANT*

This case came before the court on May 16, 1990 on the motion of Republic for final summary judgment. The court held argument of counsel, considered Republic's memorandum of law, reviewed the court file, and received in evidence an affidavit and the deposition of the plaintiff.

The court makes the following findings of fact and conclusions of law:

1. Republic has timely and properly filed its motion for final summary judgment (D.E. 26). In support of its motion, Republic has submitted the affidavit of Richard J. Haskins and the deposition of the plaintiff (D.E. 24). The court has considered the affidavit and the entire deposition of Tomsich in the light most favorable to him.

2. The plaintiff filed the affidavit of Laura Coyner (D.E. 28) in opposition to the motion. At the hearing, Republic moved to strike the Coyner affidavit because it contains inadmissible hearsay. Statements contained in affidavits for summary judgment must be of such evidentiary value that they would also be admissible at trial. Republic argued that an affidavit predicated upon inadmissible hearsay cannot be utilized either in support or in opposition to a motion for summary judgment. The plaintiff agreed with Republic and stipulated that the Coyner affidavit not be considered.

3. The plaintiff claims that Republic has breached an oral contract. Tomsich entered into a written contract with Carol Talks for the purchase of her house. The contract made the purchase "subject to" Tomsich assuming the mortgage then held by Republic. Tomsich claims that Republic made an oral contract with him to allow him to assume the mortgage on or before April 25, 1989. Tomsich has sued for breach of this oral contract.

4. The court is well-aware of the burden upon the movant for summary judgment. It is only after consultation with both counsel that the court grants the motion, not because the court is insecure about the propriety of her decision, but because summary judgments seem to be routinely reversed by appellate courts. The pleadings, depositions, answers to interrogatories on file, and affidavits show that there is no genuine issue as to any material fact and that Republic is entitled to summary judgment as a matter of law. The court discussed with counsel the "safe" course of conduct: to deny the motion and enter judgment after non-jury trial. This course, however "safe" from reversal on appeal, is expensive, incurs considerable delay, and is truly unfair to the defendant who is rightfully entitled to summary judgment as a matter of law.

5. The court uses an objective test to determine whether a contract is enforceable as a matter of law. The making of a contract does not depend on the agreement of two minds in one intention, but on the agreement of two sets of external signs. The objective test requires that the court determine if the parties said the same thing, not whether they meant the same thing. *Robbie v City of Miami,* 469 So.2d 1384 (Fla. 1985). It is essential to the creation of a contract that there be a

74

mutual or reciprocal assent to a certain and definite proposition. Until the terms of an agreement have received the assent of both parties, the negotiation is open and imposes no obligation upon either. *Goff v Indian Lake Estates, Inc.,* 178 So.2d 910 (Fla. 2d DCA 1965).

6. The objective external signs, considered in a light most favorable to Tomsich, preclude the finding of an enforceable oral contract. It is undisputed that the record shows that there was no mutual or reciprocal assent to a certain and definite proposition between Republic and Tomsich: the assumption of the mortgage. The failure of Republic and Tomsich to agree that the mortgage would be approved by the Board of Directors on or before April 25, 1989 precludes the existence of a contract as a matter of law.

7. Tomsich admits that his assumption of the mortgage was contingent upon approval of Republic's Board of Directors. Although both Tomsich and the loan official assumed hat the Board would meet on April 15, 1989, the Board was not obligated to Tomsich to meet on that date. When the Board failed to meet until April 17, 1989, Tomsich's seller refused to extend the written contract, and Tomsich "lost" the purchase of the house. It is undisputed that Republic never agreed to allow Tomsich to assume the mortgage on or before April 15, 1989 without the approval of the Board of Directors. There was no oral contract between Tomsich and Republic upon which Tomsich can sue. As a matter of law, Republic is entitled to summary judgment for the "damages" suffered as a loss of the opportunity to purchase this home.

8. The court has also considered Republic's alternative basis for summary judgment: even if there were an oral contract between Republic and Tomsich, it is unenforceable under the Statute of Frauds.

9. Section 725.01, Florida Statutes (1989) provides that "no action shall be brought . . . upon any agreement that is not to be performed within the space of one year from the making therefore." Florida adheres to a strict application of the Statute of Frauds. *Ostman v Lawn,* 305 So.2d 871 (Fla. 3d DCA 1974). The Statute of Frauds bars enforcement of an oral contract that was intended by the parties to last longer than a year even though the contract could have been terminated within the year. The court must look to the intent of the parties to determine if the Statute of Frauds bars enforcement of an oral contract because it was not to be performed within one year.

10. It is undisputed that the assumption of the mortgage was to last more than one year, and that both parties intended to perform more than one year under the contract. Both Republic and Tomsich had

**75**

continuing obligations and responsibilities under the terms of the alleged oral contract. The contract is subject to the Statute of Frauds since both parties had continuing obligations and responsibilities beyond one year.

Republic's motion for final summary judgment based on the Statute of Frauds should also be granted.

It is hereby ORDERED AND ADJUDGED that Robert J. Tomsich shall recover nothing from Republic Savings and Loan Association, a Florida corporation, f/k/a Republic Savings Bank and the defendant shall go forth hence without day.

The court retains jurisdiction to assess costs in favor of the defendant.

DONE AND ORDERED this 5th day of June, 1990 in chambers at West Palm Beach, Palm Beach County, Florida.