DELL, Judge.
This appeal arises out of the settlement of a medical malpractice suit filed by appellees against Dr. David Drucker, Dr. Gary Birken, South Florida Pediatric Surgeons, P.A. (“SFPS”) and four other parties for negligence in the treatment of their daughter. Appellants contend that the trial court erred in enforcing the settlement entered into by Dr. Drucker and his insurer against SFPS, Dr. Drucker’s professional association. We agree.
On October 28, 1996, the parties announced in open court that a settlement had been reached in the underlying medical malpractice suit. Appellees’ counsel related the specific terms of Dr. ’Drucker’s settlement which did not include a representation that SFPS had joined in the settlement:
Finally, Your Honor, the settlement with Dr. Drucker, which was reached and concluded at just about 5 p.m. on Friday, is as follows: The total amount to be paid is $475,000. $250,000 will be paid by his insurer, Physicians Protective Trust Fund. The additional $225,000 will be paid by Dr. Drucker, personally, the terms negotiated with Mr. Johnstone and with his clear authority to do so were $125,000 cash payment by no later then [sic] December 15th of 1996. And the additional $100,000 payment would be made payable no later than six months later or June 15th, 1997.
In their motions to approve the settlement, appellees again stated that Dr. Drucker was personally liable for the $225,000.00 and made no mention of SFPS- with respect to Dr. Drueker’s settlement obligations. In approving the settlement on November 25, 1996, the trial court directed the execution of releases necessary to effectuate the settlement; SFPS was not mentioned.
On December 18, 1996, appellees executed a general release on behalf of Dr. Drucker, his insurer and SFPS, which provided that Dr. Drucker and SFPS were jointly liable for the payment of the $225,000.00 owed by Dr. Drucker. Although the release contained language referencing SFPS’s responsibility to pay Dr. Drucker’s obligation under the terms of the settlement, such language was never ratified or approved by SFPS. When Dr. Drucker failed to make his first payment pursuant to the settlement, appellees filed a motion for entry of final judgment against Dr. Drucker and SFPS. The record shows that SFPS objected to the enforcement of the payment provisions of the release and maintained that it had not agreed to be responsible for Dr. Drucker’s obligations. After a hearing, the trial court ruled that both Dr. Drucker and SFPS were responsible for payment of $225,000.00 to appellees, as provided in the release.
Dr. Drucker and his insurer entered into a valid settlement agreement with appel-lees which was outlined for the trial court on October 28, 1996. See Dania Jai-Alai Palace, Inc. v. Sykes, 495 So.2d 859, 862 (Fla. 4th DCA 1986). We reject appellees’ argument that SFPS’s counsel’s failure to object to the language of the release constituted an agreement to be bound. See Nehleber v. Anzalone, 345 So.2d 822, 823 (Fla. 4th DCA 1977). In the absence of evidence demonstrating that SFPS agreed to be bound by Dr. Drucker’s settlement, we hold that Dr. Drucker’s settlement did not include SFPS. See Robbie v. City of Miami, 469 So.2d 1384, 1385 (Fla.1985) (settlements are favored and will be enforced whenever possible, however, a valid agreement is a necessary predicate to an order of enforcement).
Accordingly, we reverse the final judgment to the extent that it provides that SFPS is jointly responsible for the payment of Dr. Drueker’s settlement. We remand with instructions to vacate the judgment as it applies to SFPS. See Galligan v. Burgess, 423 So.2d 1037, 1038 (Fla. 4th DCA 1982).
REVERSED and REMANDED WITH DIRECTIONS.
GROSS, J., and OWEN, WILLIAM C., Jr, Senior Judge, concur.