DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GUILLERMO JAVIER ALFONZO** and **CHRISTAL TRANSPORT, LLC,**
Appellants,

v.

**ANDREW G. ROSENBERG,** as Personal Representative of the
**ESTATE OF TRANAYIAH ARMANI SHAW,**
Appellee.

No. 4D2024-3221

[August 27, 2025]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Shari Africk-Olefson, Judge; L.T. Case No. CACE24-011496.

Warren B. Kwavnick of The Law Office of Warren B. Kwavnick, PLLC, Pembroke Pines, for appellants.

Erin Pogue Newell of Open Book Appeals, Fort Lauderdale, for appellee.

GERBER, J.

The defendants appeal from the circuit court's order denying the defendants' motion to enforce an alleged pre-suit settlement with the plaintiff estate. *See* Fla. R. Civ. P. 9.130(a)(3)(C)(ix) ("Appeals to the district courts of appeal of nonfinal orders [include] those that … determine … that, as a matter of law, a settlement agreement is unenforceable, is set aside, or never existed[.]"). We affirm.

Before an evidentiary hearing on the defendants' motion, the parties had stipulated that an issue for the circuit court's determination was whether the plaintiff's counsel's pre-suit deposit of the defendants' insurer's check for the full policy limits had constituted the plaintiff's acceptance of the defendants' pre-suit offer to settle the plaintiff's potential claims against the defendants. Given that issue, the defendants bore the burden to prove the plaintiff's counsel had a "clear and unequivocal grant of authority" from the plaintiff to settle the claim. *See DeJour v. Coral Springs KGB, Inc.*, 293 So. 3d 502, 504 (Fla. 4th DCA 2020) ("[T]he burden

was on the moving party … to prove that [the nonmoving party's] attorney had a clear and unequivocal grant of authority … to settle on [the nonmoving party's] behalf.") (internal quotation marks and citation omitted); *Tavarez v. Nu-Way Towing Serv., Inc.*, 326 So. 3d 133, 135 (Fla. 3d DCA 2021) ("A party seeking to compel enforcement of a settlement bears the burden of proving that an attorney has the clear and unequivocal authority to settle on the client's behalf. Florida courts have applied a strict standard of proof in determining whether an attorney was authorized to settle a client's claim.") (internal citations and quotation marks omitted).

The defendants presented no evidence that the plaintiff's attorney had the clear and unequivocal authority to settle the plaintiff's potential claims. Based on that lack of evidence, the circuit was required to find no binding acceptance had occurred. *See Albert v. Hoffman Elec. Constr. Co.*, 438 So. 2d 1015, 1017 (Fla. 4th DCA 1983) ("[M]ere employment of an attorney does not of itself give the attorney the implied or apparent authority to compromise his client's cause of action.") (citation omitted); *E Qualcom, Corp. v. Glob. Commerce Ctr. Ass'n,* 189 So. 3d 850, 853 (Fla. 4th DCA 2015) (reversing the trial court's order enforcing a settlement agreement because "the record fails to conclusively demonstrate, whether, in fact, [counsel] had the authority to settle the case"); *Evans v. Diaz,* 365 So. 3d 1176, 1179-80 (Fla. 4th DCA 2023) (reversing order approving settlement where appellee had not presented any evidence that appellant had granted his attorney the authority to settle or had ratified the settlement).

Thus, we affirm the circuit court's order denying the defendants' motion to enforce the alleged pre-suit settlement.

*Affirmed.*

CIKLIN and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2